# Farrow *v.* Sturdivant Bank.

## *Assumpsit.*

(Decided December 18, 1913.    63 South. 973.)

1. *Contracts; Performance; Time.*—Where no time of performance is fixed by the contract, it will be presumed that the parties intended performance at any reasonable time, as determined by the circumstances.

2. *Same; Reasonable Time; Jury Question.*—Where it depends upon facts extrinsic to the contract, which are in dispute, what is a reasonable time for the performance of the contract, when no time is fixed, is a question for the jury, but where it depends upon the construction of the written contract, or undisputed extrinsic facts, it is a question of law for the court.

3. *Mortgages; Foreclosure; Extension Agreement.*—Where the mortgagor executed to the mortgagee a deed to the property for the purpose of avoiding foreclosure sale and the mortgagee in turn executed to the mortgagor an agreement authorizing repurchase of the property but no time limit was put in the agreement, the parties thereto must have intended, or be presumed to have intended, to fix a reasonable time, and therefore, the repurchase must have been consummated in two years as the time fixed for redemption from foreclosure, it being apparent that the parties intended by the contract to secure the same rights that would have been theirs in case of a legal foreclosure.

4. *Same; Contract to Reconvey; Breach.*—In an action for breach of a contract to reconvey land, plaintiff must show that he tendered performance and demanded a conveyance within the time limited by the contract before he can recover; and where the contract did not fix any time, no recovery can be had after the expiration of a reasonable time.

5. *Same; Defenses.*—Where the action is for a breach of the contract to reconvey land, the defense that plaintiff did not demand a

[Farrow v. Sturdivant Bank.]

reconveyance within the time fixed by the contract is not one of limitation, but goes to the right of action, and is available under the general issue.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. B. B. BRIDGES, Special Judge.

Action by C. A. Farrow against the Sturdivant Bank, for breach of contract to reconvey land. There was judgment for plaintiff, and on motion of defendant the judgment was set aside, from which order plaintiff appeals. Affirmed.

See, also, 61 South. 286.

The pleas were a subsequent agreement between the parties to sell the land for as much over $2,500 as possible, the bank to retain $2,500 in payment of its debt, the balance to go to plaintiff, and that after repeated effort, the land could not be sold for more than $2,500, and that defendant was informed of this fact and expressed his satisfaction. The other pleas were that the tender was not made within a reasonable time, and not until after land had been sold by defendant, and plaintiff informed and expressed his approval thereof.

GEORGE A. SORRELL, for appellant. The court improperly granted the motion setting aside the judgment as it properly charged the jury in the first instance that if defendant refused to accept the money tendered by plaintiff on different grounds than that of the formality of the tender, then that would be a waiver of such formality.—*Glover v. Lyons,* 59 Ala. 365; *Root v. Johnson,* 99 Ala. 90; *Life I. Co. v. Lesser,* 126 Ala. 577. Just compensation for the actual loss is the rule and the court did not err in its charge as to the measure of damages.—*Murrell v. Whitney,* 32 Ala. 54; *Bozeman v. Ross,* 40 Ala. 212; *Culver v. Hill,* 68 Ala. 66.

JAMES W. STROTHER, for appellee. No brief reached the Reporter.

ANDERSON, J.—The contract or agreement, for the breach of which this suit was brought, is an obligation by a mortgagee to reconvey certain real estate previously mortgaged to the defendant by the plaintiff. The plaintiff having executed to the defendant a deed to the property, in payment of the mortgage debt, after the law day of the mortgage, and for the evident purpose of avoiding a foreclosure sale of the property, and contemporaneous with said conveyance, the defendant executed the agreement involved, authorizing plaintiff to repurchase the property for the same amount expressed as the consideration in the deed, and interest thereon, but no time limit was put on the agreement as to when the plaintiff should or could repurchase. It is a well-settled rule of law that when no time of performance is fixed in a contract, it will be presumed that the parties intended a performance within a reasonable time, and what is a reasonable time will be determined by the nature and extent of the undertaking and the particular circumstances surrounding the parties when the contract was made.—*Griffin v. Ogletree,* 114 Ala. 343, 21 South. 488; *Wolfe v. Parham,* 18 Ala. 441; 2 Mayfield's Dig. p. 776.

It is evident from the undisputed facts connected with this transaction and the surroundings of the parties that the deed from the plaintiff, the mortgagor, to the defendant, the mortgagee, was for the purpose of avoiding a foreclosure sale of the land under the mortgage, and that the obligation in question was made and intended solely for the purpose of preserving such rights as the plaintiff would have to redeem the property in case it had been sold under the power, and, this being

true, we think, the law fixes two years as a reasonable time within which the plaintiff had to exercise his right to repurchase or redeem the property under the terms of the agreement. This transaction operated as a sale of the property to the defendant by the plaintiff, with the right to repurchase the same upon payment of the amount credited on the mortgage, as the consideration of the deed, with the interest thereon, and not as a mortgage or security for the debt. Its manifest purpose was to do by contract precisely what the law would do for them, to wit, foreclose the mortgage and preserve the mortgagor's right to redeem.—*Stoutz v. Rouse,* 84 Ala. 309, 4 South. 170; *Goree v. Clements,* 94 Ala. 337, 10 South. 906. The parties could no doubt have contracted for a longer period than two years for the redemption or repurchase of the property, but as they did not do so, and as they fixed no definite time, the contract can only be upheld by fixing a reasonable time for its performance by the operation of law, and which seems to be two years from date of sale in cases analogous to this one.—*Alexander v. Hill,* 88 Ala. 487, 7 South. 238, 16 Am. St. Rep. 55; *Comer v. Sheehan,* 74 Ala. 452; *Ezzell v. Watson,* 83 Ala. 120, 3 South. 309; *Stephenson v. Harris,* 153 Ala. 462, 45 South. 196.

What is a reasonable time, when no time is fixed by the contract, is sometimes a question of fact for the jury, and sometimes a question of law. Where it depends upon facts extrinsic to the contract, which are matters of dispute, it is a question of fact; when it depends upon a construction of a contract in writing, or upon undisputed extrinsic facts, it is a matter of law. —2 Mayfield's Digest, p. 776, § 377. In the case at bar, the determination of a reasonable time is one of law, and was two years after the conveyance of the property

by the plaintiff to the defendant in payment of the mortgage debt.

The plaintiff, in order to recover in this case, had to show a valid and subsisting contract between him and the defendant, at the time he claims to have made the tender, for if there was not a subsisting contract, there was no breach for which he could recover; and, as said alleged tender was not made within two years of the making of the agreement on the part of the defendant, the contract had terminated and was of no binding force when the tender was made, which was nearly four years afterwards.    The defendant was therefore entitled to the general charge, which was requested and refused, and the action of the trial court in setting aside the judgment for the plaintiff and in granting a new trial can be justified upon this ground alone, if not upon other grounds contained in the motion.    This point was not a question available only by a plea of the statute of limitations or laches, but went to the substantive right of the plaintiff to recover; that is, to show that he had a valid and binding contract at the time of the alleged breach, and which was available under the general issue.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.