197 So.2d 767

**Wilson D. SMITH, Jr.**

v.

**Millie POPE, as Trustee et al.**

**8 Div. 227.**

Supreme Court of Alabama.

April 6, 1967.

Donald B. Weir, Jr., Huntsville, for appellant.

Morring, Giles, Watson & Willisson, Huntsville, for appellee Earley.

## PER CURIAM.

Appellee, Millie Pope, executrix and trustee, filed her original and amended bill of complaint in the circuit court of Madison County, in equity, seeking a declaratory decree anent her duties as the fiduciary under the last will and testament of Wesley Morris, who died on January 10, 1965. She made respondents some minor children of the testator, and also appellant and one Norman Earley.

Each of the latter two made his answer a cross-bill and prayed specific performance of his contract with complainant, Millie Pope, with respect to a small area of land in Madison County. Appellee, Millie Pope, had entered into a written contract, on separate dates, with each of said cross-complainants whereby she agreed to sell to each of them and each agreed to buy, for a specified consideration, the same tract or lot of land.

The trial court granted relief to Norman Earley and decreed inter alia specific performance of his contract with Millie Pope. An assignment of error by appellant complains that the court was in error in decreeing specific performance of the Earley contract. and denying Smith specific performance of his contract with respect to the lot.

The pleadings and evidence present issues which we conclude are as follows:

One Wesley Morris, who was the brother of Millie Pope, complainant and appellee, and the father of the several minor respondents (neither of whom has filed a brief on this appeal) entered into a written (and unrecorded) contract with George S. Butler whereby they inscribed their agreement for the sale by Morris and the purchase by Butler of the same lot of land which was the subject of the agreements between Millie Pope, appellee, and Norman Earley, appellee.

It is not necessary for us to determine whether the agreement between Wesley Morris and George S. Butler was an option to purchase or one to purchase and sell. The distinction between such contracts is recognized by this court in the case of McGuire v. Andre, 259 Ala. 109, 65 So.2d 185(5, 6). Suffice it to say, that this contract was dated December 31, 1964, and expired on or before March 30, 1965, unless extended. It contained a provision: "If title is not clear an additional 90 days will be allowed for buyer to clear the title and cost not to exceed $150.00 at sellers (sic) expense, if not then cleared earnest money will be refunded and option cancelled." The contract was never consummated. It has a bearing on the instant case as will hereafter appear.

The executrix and trustee (Millie Pope), purporting to act under authority of the will of Wesley Morris, entered into a written agreement, on April 27, 1965, with appellant, Wilson D. Smith, Jr., whereby, for a consideration of $20,000.00, she agreed to sell and appellant agreed to buy the real estate that, as we have noted, was the subject of the contract between Wesley Morris and George S. Butler. There is a provision in the Smith contract: "This contract is contingent upon seller being able to convey good and merchantible title free and clear of all liens and incumbrance. Seller will take all reasonable steps to perfect and cure title in event warranty deed

cannot be provided." There was no expiration date within which the transaction was to be closed or the obligation to be performed. The Smith contract was forthwith filed in the probate office of Madison County where the real estate was situated. Such filing constituted notice of its contents. Title 47, § 95, Code of 1940.

Thereafter, on May 18, 1965, the fiduciary, Millie Pope, pressed by circumstances which she thought justifiable, entered into a written contract with Norman Earley, whereby she agreed to sell and Earley agreed to purchase, for a consideration of $20,600.00, the same real estate that was the subject of the Smith contract and of the Butler contract which her brother made, as we have already noted. It likewise was duly filed for record in the probate office of Madison County.

As we view the record Millie Pope was present in the office of appellant's attorney with appellant, and there they discussed performance of the contract with appellant. This was on or about May 3, 1965. The trustee wanted to close the contract with Smith immediately. Smith hesitated to close without some disposition of the agreement between Wesley Morris and Butler, and also disposition of an existing judgment against Wesley Morris for $34.00. He offered to close if the trustee would agree to retention of $2500.00 of the purchase money, such retained money to be placed in escrow pending clearance of title. The trustee wanted immediate payment of the entire purchase price without any reservation, except possibly money for payment of the judgment.

Being dissatisfied with the progress of the transaction between her and Smith, the trustee proceeded thereafter, on May 18, 1965, to enter into a contract of sale with appellee, Norman Earley. Is seems that the purported urgency to close without further delay arose out of the trustee's desire and sense of duty to provide a comfortable abode for the minor children whose care and custody were committed to her under the will.

It further appears from uncontradicted evidence that appellant Smith, before the execution of the Earley contract, was informed by Butler that he had invoked the 90-day extension in his contract with Morris (deceased) and would insist on performance should certain conditions with reference to the title be met. Butler had been advised by his attorney that there was an impediment of title. Butler testified that he mailed appellee, Pope, at her address in Birmingham, written notice of such action; likewise, his attorney testified that he prepared the notice that Butler testified he mailed. Pope denied knowledge of the notice. This extra ninety days extended the contract until, to-wit: June 30, 1965. The original bill in this case for declaratory judgment was filed on July 21, 1965.

As we have noted above, the trustee contends that she tendered performance on her part when she was in the law office with appellant Smith and his attorney on May 3, 1965. The trial court made a finding of fact that tender was made.

We think the trial court's finding of tender was in error. The contract of sale between Morris and Butler, of which Smith had notice, was outstanding. It is true that the first ninety days of the life of the contract had expired when the conference in the law office was held, but the additional ninety days allowed under the contract had not. This contract apparently was binding on the executrix Pope and the heirs of Morris. It was in the nature of an incumbrance on the lot here involved. 91 C.J.S. Vendor & Purchaser § 4, at page 836; Detwiler v. Capone, 357 Pa. 495, 55 A.2d 380(4). We here observe that the executrix Pope had notice of the Butler contract when she was in the office, but denied notice of its extension.

■■ While it may be true, as appellee Earley here contends, but we do not decide, that the $34.00 judgment could have been satisfied out of the proceeds of the sale price of the land, and thus removed as an impediment or encumbrance, to which pro-

cedure reference was made in Eaton v. Sadler, 215 Ala. 161, 110 So. 10(9). However, there remained the extended contract of sale between Morris and Butler that prevented lawful tender on the part of appellee Pope. This contract was not the subject of payment or liquidation in the sense that a judgment for money may be satisfied. The trustee was not able on May 3, 1965, when she claims a tender was made, to perform and convey title free of encumbrance that she was obligated to do in her contract. She was under obligation to convey the property free of encumbrance and suggestion of future litigation. Treadaway v. Williams, (La.App.) 163 So.2d 911(2). With such impediment the title was not good and merchantable. But independent of the contract to convey good and merchantable title, that duty was imposed by law when she agreed to convey. Flinn v. Barber, 64 Ala. 193(4); Cudd v. Wood, 205 Ala. 682, 89 So. 52(10).

■ Appellant Smith was not under a duty to take a title subject to the outstanding sale and purchase contract, or the option purchase, that was made between Morris and Butler. He was not obligated to buy a law suit, or to accept a doubtful title. Cudd v. Wood, supra, (10); he was not obligated to be exposed to litigation. Boylan v. Wilson, 202 Ala. 26, 79 So. 364(4). The mere tender or offer to tender a warranty deed did not satisfy the obligation to convey free of encumbrance. 92 C.J.S. Vendor & Purchaser § 201, p. 53. Frazier v. Boggs, 37 Fla. 307, 20 So. 245(1). We hold that appellee Pope did not and was not in position to tender performance of her contract or perform the same when she was in conference with the parties on May 3, 1965—in the law office of the attorney.

■ Again adverting to the absence of a time for performance in the contract between appellant and appellee Pope, we observe in line with the decisions of this court that where no time of performance is expressed in the contract, the parties are entitled to a reasonable time in which to perform and the law so applies. What is a rea-

sonable time depends upon the nature of the act to be done, and all the circumstances relating to the same. Farrow v. Sturdivant Bank, 184 Ala. 208, 63 So. 973(1). We do not mean to say that this rule prevails in a contract of option to purchase in which there is no time limit expressed. We pretermit such consideration, for in our opinion the instant contract was one of purchase and sale, subject to certain conditions, one of which was the furnishing of merchantable title.

The contract between Butler and Morris did not expire until the end of June, 1965. We want here to observe that the uncontradicted evidence, which we will not undertake to delineate, shows that Butler, on the advice of his lawyer that the title to the property was not clear, did exercise his 90-day extension to clear the title. During the life of this contract, Smith was in a measure handcuffed and prevented from performing his contract of purchase.

■ Appellee, as above stated, filed her bill for a declaration of her rights and authority under the will and the two contracts that she executed for sale of the property. Within the time provided by law, Smith, who was a party respondent to appellee's bill, filed his answer and cross-bill for specific performance of his contract of purchase. This cross-bill we consider to be a manifestation of his desire and willingness to perform. We think, and so hold, that under the circumstances and pertinent facts appellant Smith acted within a reasonable time to execute or perform his obligation under the contract and should not be cut off in favor of appellee Earley.

The trial court erred in decreeing and directing that the trustee Pope convey said property to appellee Earley. Also, it erred in holding that appellee Pope tendered performance of her contract with Smith. She couldn't perform and there was no tender.

The following provisions of the decree are not questioned: (1) That Millie Pope under the will is invested with the right to

sell and convey title to the property in question; (2) payment of attorney's fee of $1,000.00 for professional services rendered to Millie Pope by her attorney in connection with this proceeding; (3) payment of $50.00 guardian ad litem fee.

On remand of this cause, the trial court will, after the finality of this opinion amend its decree by striking therefrom the order that Millie Pope convey the lot in question to Norman Earley upon payment of the purchase price, and also strike the provisions giving said Earley ten days from the date of the decree to comply with the order, or failing that the option will "stand forfeit."

In lieu thereof an appropriate order will be made directing the said Pope to convey said lot, to-wit:

Lot 4, Block 218 according to the Quigley Map of the City of Huntsville, Alabama, excepting therefrom, Tract conveyed to City of Huntsville, by Deed recorded in Deed Book 230, Page 32, Probate Records of Madison County, Alabama.

to Wilson D. Smith, Jr., upon his compliance with the provisions of his contract. Appropriate order will be made to pay the judgment of, to-wit, $34.00, plus cost and interest, to the end that said judgment may be removed as an encumbrance. The parties will be given thirty days in which to close the transaction.

It is ordered that the decree of the trial court be, and the same is, affirmed in part and reversed in part. The cause is remanded with directions as above noted.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed in part, reversed in part, and remanded with directions.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.