Appellants, Mary Jeanelle Grimes Turner and Benjamin Howard Grimes, individually and as executors of the estate of Ida L. Grimes brought an action seeking specific performance of a covenant in a deed or in the alternative damages. The suit was filed against the County Board of Education of Dale County and the Ozark City Board of Education, appellees.
The case was tried without a jury. At the close of the appellants' case the court entered judgment for the appellees on the grounds that the claim was barred by the statute of limitations and there was no consideration for the covenant. We affirm.
On July 8, 1961, Ida L. Grimes gave an option to purchase approximately twenty-five acres of land to the Dale County Board of Education. The option was exercisable by paying $8,000.00 within thirty days.
On August 5, 1961, Mrs. Grimes executed a deed to the Dale County Board of Education conveying the land. The deed recites as consideration $8,000.00 and the following:
 "It is understood that, as part of the consideration of this deed, grantee is to construct or have constructed a road across the East and North sides of the lot herein to be of a minimum width of sixty feet; . . ."
 "It is further agreed, that in the event Grantee fails to begin construction of a school building on the above-described lot within two (2) years from the date of execution of this deed, then Grantee shall re-convey title to the above lot to Grantor upon re-payment of the purchase price above set out and the additional expenses incurred by Grantee in attorneys' and Engineer's fees." *Page 950 
East Gate Junior High School was constructed on the property in 1962. The Ozark City School Board now owns the property, receiving it from Dale County School Board by deed dated June 15, 1965.
Mrs. Grimes died on April 13, 1973, survived by two children, the appellants. The road in question was never built. Appellants commenced this lawsuit on May 28, 1975.
The issues in this case are: (1) had the statute of limitations run by the time appellants filed suit, and, if so, (2) should the doctrine of equitable estoppel apply to prevent appellees from asserting the bar. Because we find that the suit is barred by the statute of limitations we express no opinion on whether the covenant was supported by consideration.
This cause is governed by a ten-year statute of limitations. Tit. 7, § 20, Code of Alabama 1940, Recompiled 1958. The statute of limitations begins to run from the time the plaintiff's cause of action accrues. The accrual of a cause of action occurs as soon as the party aggrieved is entitled to begin a prosecution thereon, e.g., Hunnicutt v. City ofTuscaloosa, 337 So.2d 346 (1976).
Mrs. Grimes could not bring suit until a violation of the covenant occurred. Although the deed fails to establish a time of performance of the covenant, in McKee v. Club-View Heights,Inc., 230 Ala. 652, 162 So. 671 (1935), the court stated:
 "It is familiar law, that where a contract or conveyance expresses no time for the performance of an act contemplated by such contract or conveyance, a reasonable time is implied. What constitutes a reasonable time depends upon the subject matter, the nature of the act to be performed, and the situation of the parties. If the facts are undisputed, the question is one of law for the court. If the facts are in dispute and the question rests in inference, it is one of fact. [Citations omitted.]" 230 Ala. at 655, 162 So. at 674.
The trial court ruled that a reasonable time to begin construction of the road occurred prior to the passage of three years and nine months; between August 5, 1961 (the date of the deed) and May 28, 1965 (ten years prior to the date suit was filed). We quote from the court's decision:
 "In determining what is a reasonable time, this depends upon the subject matter, the nature of the act to be performed and the situation of the parties. And also, I think, in dealing with what is a — since you're dealing with the word reasonable as to time, you can also deal with the word reasonable as to people. What would a reasonable ordinary prudent person under the circumstances think a reasonable time to perform would be. In this particular case, the deed was signed on August 5th, 1961. From August 5th, 1961 to May 28th, 1965, is approximately three years and nine months. During that period of time, the school was started and completed. No one ever began any construction on the road. It is the judgment of that Court — of this Court that three months and nine years [sic] during that period of time a reasonable prudent person would have realized that there had been a breach of the contract and that a cause of action would have arose, and that the agreement to — covenant to build a road, if, in fact, it was an obligation of the County School Board or later on the City School Board, was not some event that was supposed to occur ten or fifteen years later. That it was an event that a reasonable person would have assumed would have occurred, at least, within three years and nine months from the execution of the deed especially considering the fact that the school was built and nothing at all transpired — transpired concerning the road."
We have reviewed the evidence and are in accord with the court's finding of what constituted a reasonable time to begin construction of the road.
Appellants also claim the appellees are estopped to assert the statute of limitations as a bar to the suit. They maintain the *Page 951 
appellees gave assurances to Mrs. Grimes calculated to lull her into inaction, and to postpone her taking action in respect to the construction of the road.
Appellants rely on City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110 (1967), wherein the City of Montgomery was estopped to set up as a defense to a suit by Weldon that the plaintiff had failed to comply with the statutory requirement of filing a verified claim within six months because agents of the City had assured Weldon that his claim was sufficiently filed and perfected and urged him not to hire an attorney or to take action for a year. 280 Ala. at 466, 195 So.2d 110.
There is evidence of correspondence between Mrs. Grimes' attorney, John T. Dawson, and Charles L. Woods, attorney for the Ozark City School Board. Mr. Dawson wrote a letter dated December 22, 1972, notifying the city school board of Mrs. Grimes' intentions to pursue legal remedies, if necessary to enforce the covenant. Mr. Woods responded by letter dated February 26, 1973, indicating that the proposed road, if built, would violate the city plan and the City Planning Commission would not approve its construction. Mr. Woods suggested two alternatives to settle "this long overdue covenant;" either release the covenant for monetary damages, or for Mrs. Grimes to sell the balance of her land to the school board with the sale price including a release of the covenant.
Mr. Dawson wrote Mr. Woods a letter dated June 28, 1974, stating that a need exists to determine the amount of damage to his client and, at Mr. Woods' request, he would wait thirty days for an offer from the school board before instituting legal action. By letter dated July 22, 1974, Mr. Woods stated that the school board did not want to make an offer of settlement until the City Planning Commission had made an official decision. The letter states:
 "If we are able to obtain the approval of the Ozark Planning Commission for a proposed street, then we would probably be in a position to move forward in that direction. On the other hand, if they are refused any action by the Planning Commission of the City of Ozark toward building a proposed street they would then be in a position to make at least some offer of settlement. . . .
The letter further states that an official answer from the Commission should be forthcoming within two weeks and requests that no action be taken by Mr. Dawson's clients for at least three weeks. The record does not reveal when, if ever, the Commission announced its official decision. Over ten months later, suit was filed on May 28, 1975.
These facts are distinguishable from those in Weldon. We have examined the evidence in light of recognized principles governing estoppel to assert the statute of limitations and conclude they are not sufficient to invoke the doctrine. See 130 A.L.R. 8 and 24 A.L.R.2d 1413.
It is of particular significance that the appellants had employed counsel who were negotiating a settlement with counsel for one of the appellees at a time prior to the running of the statute of limitations.
To hold that the doctrine of estoppel is applicable to this and similar situations would establish an unsound precedent.
The appellants further contend the court was in error for sustaining objection to certain testimony of witnesses W.W. Whittle and A.M. Turner. Appellants assert that this evidence was excluded because of the dead-man's statute. Tit. 7, § 433, code of 1940, Recompiled 1958.
After reviewing the record it is clear that the court correctly excluded portions of the witnesses' testimony as hearsay.
The excluded testimony would have tended to show why Mrs. Grimes sold the property and that she sold it at a greatly reduced price. Presumably this was to show the importance of the road to Mrs. Grimes.
Assuming the evidence to have been admissible we fail to see the relevance to the statute of limitations issue. Rule 45 ARAP. *Page 952 
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.