The sole issue presented presently is whether there was afinal judgment which would support an appeal.
Four plaintiffs sued a real estate company and its sales agent for breach of contract, fraud, and specific performance arising out of an alleged promise to maintain certain access roads and bridges. While two of the plaintiffs appear to be husband and wife and have the same interest in their land, the other two plaintiffs bought entirely different tracts, though they are in the same development area. While the suit arose as a result of at least three different sales transactions, it seems clear that much of the evidence of breach or fraud would be the same with all transactions.
The suit was filed by Raymond C. Seybold, C.M. Buck, Mary Mills Buck, and Dennis Cooper, against the two defendants, Magnolia Land Company and C.P. Taylor. Magnolia filed a motion to sever, alleging a "misjoinder of parties." The trial court granted this motion by a bench note entry: "11-21-77 Def. motion to sever granted. Harry J. Wilters, Jr., Judge."
It is not completely clear what the effect of this order was, whether it was intended to create 2, or 3, or 4 lawsuits out of the one, or whether it was intended merely to order separate trials. In any event, there has been a trial of Seybold's claim, and he now appeals from a directed verdict. While the effect of the order is not completely clear, it is clear, from a reading of the "case action summary sheet" and the record on appeal, that after the November 21, 1977, order, the parties continued to file pleadings relating to all four plaintiffs' claims. Apparently, everything relating to all four plaintiffs' claims is present in the record in this appeal. For instance, the record contains three motions for summary judgment — one by Buck, one by Cooper and one by Seybold — and motions for summary judgment filed by the defendants against all
plaintiffs. While the three motions for summary judgment filed by the plaintiffs list three different sets of plaintiffs, they all carry the same number; Civil Action CV-77-500063.
The crucial question is: Was there, in fact, a severance under Rule 21, ARCP, or merely a determination to have separate trials under Rule 42, ARCP? Mr. Justice Bloodworth, writing for the Court in Key v. Robert M. Duke Insurance Agency,340 So.2d 781 (Ala. 1976), indicated that in answering this question, "[t]he substance of the court's action, not its form, controls." 340 So.2d 783. There, the Court stated: "When, however, a claim is severed from the original action, as authorized by Rule 21, ARCP, a new action is created, just as if it had never been a part of the original action . . .," and ". . . the new action is no longer connected to the original action. . . ."
We have determined that the trial judge's order did not "sever" the cases, but merely provided for separate trials.
On July 14, 1978, the case went to trial before a jury and after the close of the plaintiff's case, the court granted the defendants' motion for a directed verdict, and later entered a judgment adverse to Seybold. This judgment was not final and appealable because it was entered "as to one or more, but fewer than all of the . . parties." Rule 54 (b) ARCP. As a consequence, the appeal must be dismissed. McKiever v. King Hatch, Inc., 366 So.2d 264 (Ala. 1978); Key v. Robert M. DukeIns. Agency, 340 So.2d 781 (Ala. 1976).
Trial court may re-enter and certify the judgment and upon timely appeal from that order, the case may be heard upon the present record and briefs of the parties if they so desire.Thames v. Gunter-Dunn, Inc., 365 So.2d 1216 (Ala. 1979).
APPEAL DISMISSED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 867