This is the second time this case has come before this Court. The first appeal was dismissed:
 ". . . This judgment was not final and appealable because it was entered `as to one or more, but fewer than all of the . . . parties.' Rule 54 (b) ARCP. As a consequence, the appeal must be dismissed." Seybold v. Magnolia Land Co., 372 So.2d 865 (Ala. 1979).
This appeal arises from a directed verdict entered against Plaintiff/Appellant on the grounds that his causes of action for breach of contract and in tort for fraud were both barred by the applicable statutes of limitations. We agree and affirm.
Plaintiff purchased two lots from Defendant, Magnolia Land Company, in November, 1967, and July, 1968. The complaint alleged that Defendant company, through its agent, orally promised to maintain and repair the access road leading to Plaintiff's lots until the road was taken over by the county. The evidence is without conflict that Defendant never began such maintenance and repairs. Plaintiff testified that he and the other property owners began doing their own maintenance *Page 1085 
on the road in either 1969 or 1970. Yet, it was not until June, 1977, that Plaintiff filed suit.
The statute of limitations applicable to Plaintiff's cause of action for breach of contract is the six-year statute governing promises in writing not under seal. § 6-2-34, Ala. Code 1975. The statute of limitations begins to run when a cause of action on the contract accrues, which is to say, when the contract is breached. § 6-2-30, Ala. Code 1975. Turner v. County Board ofEducation of Dale County, 360 So.2d 948 (Ala. 1978); League v.McDonald, 355 So.2d 695 (Ala. 1978); Lipscomb v. Tucker,294 Ala. 246, 314 So.2d 840 (1975); Henslee v. Merritt, 263 Ala. 266, 82 So.2d 212 (1955); Esslinger v. Spragins, 236 Ala. 508,183 So. 401 (1938).
"Breach" consists of the failure without legal excuse to perform any promise forming the whole or part of the contract. 17 Am.Jur.2d Contracts § 441 at 897. Where the defendant has agreed under the contract to do a particular thing, there is a breach and the right of action is complete upon his failure to do the particular thing he agreed to do. 17 Am.Jur.2d, supra.
Here, the promise in question was one to maintain and repair the road leading to Plaintiff's lots until the county assumed this responsibility. Plaintiff testified that, within weeks after purchasing the lots in 1967 and 1968, he began to demand performance of the Defendant. These demands continued for almost ten years before suit was brought. No action was ever taken by Defendant to begin performance. The failure to perform, without legal excuse, caused the action to accrue and the statute of limitations on Plaintiff's case to run. According to Plaintiff's own testimony, then, his cause of action on the contract, subject to a six-year statute, had long since expired by the time suit was finally brought.
Plaintiff argues in brief, however, that the conduct of Defendant in this case amounted to a "lulling" and that Defendant is thereby estopped from pleading the statute as a bar to Plaintiff's claim. As a general matter, the type of conduct which is sufficient to give rise to an estoppel against pleading the statute of limitations must amount to an affirmative inducement to the claimant to delay bringing action. 51 Am.Jur.2d, Limitations of Actions, § 438 at 903, et seq.; see also, 53 C.J.S. Limitations of Actions § 25 at 962, et seq.
It is undisputed that Plaintiff initiated all the contacts between himself and Defendant company relative to when and if the latter would begin maintenance and repairs on the road. Invariably, the response to Plaintiff's queries would be vague assurances by employees of Defendant company that they would "see what could be done." These representations, if they may be called even that, fall far short of the affirmative inducement to delay action necessary to estop pleading of the statute.
Wishing to avoid the operation of the statute altogether in this case, Plaintiff further suggests an argument proceeding from the following rule of law: When an act is to be done, and no time is prescribed for its performance, the law requires, and gives the party obligated to perform, a reasonable time to perform his duty. Hendrix, Mohr Yardley, Inc. v. City ofDaphne, 359 So.2d 792 (Ala. 1978); Smith v. Pope, 280 Ala. 662,197 So.2d 767 (1967); Sims v. City of Birmingham, 256 Ala. 540,55 So.2d 833 (1951); and Drake v. Goree, 22 Ala. 409 (1853).
Plaintiff argues from this that Defendant was not in default and, significantly, that the statute had not begun to run until Defendant had had a reasonable time in which to perform. This, according to Plaintiff, is a question for determination by the trier of fact and, as such, is not subject to a directed verdict as was given in this case. We observe that, due to the length of Plaintiff's delay in bringing suit, he is forced into the curious position of contending that a period of three years was a reasonable time for Defendant to begin maintenance on a road which, according to Plaintiff himself, was in a state of disrepair even prior to the *Page 1086 
contract date. The contention would have been unconvincing had it been made by Defendant in order to avoid breach; it is no more creditable for having been made by the claimant. Apart from this, however, Plaintiff's line of reasoning is legally incorrect in two respects:
First, it is not necessarily the case that the determination of what constitutes a reasonable time for performance of a contractual obligation, where none is fixed by the contract, is always one for the trier of facts. While it is often true that this "reasonable time" issue is a matter subject to conflicting evidence — and therefore determinable by the trier of facts (see City of Daphne, supra) — it is sometimes a question of law for the court. Where it depends upon facts extrinsic to the contract — which are matters of dispute — it is a question to be determined by the trier of facts. When it depends upon a construction of a contract in writing — or upon undisputed extrinsic facts — it is a matter of law upon which a directed verdict may be appropriate. Turner v. County Board of Educationof Dale County, supra; McKee v. Club-View Heights, Inc.,230 Ala. 652, 162 So. 671 (1935); Farrow v. Sturdivant Bank,184 Ala. 208, 63 So. 973 (1913).
More important, however, Plaintiff's approach to the statute, centering on what would have been for the Defendant a reasonable time in which to perform, is fundamentally misconceived. Where the statute of limitations is raised as a bar to a claim, a question is raised not as to the diligence of the party against whom the claim is asserted, but as to the diligence of claimant himself. This is necessarily true by virtue of the very nature and purpose of statutes of limitations.
Statutes of limitations are founded in part at least on general experience that claims which are valid usually are not allowed to remain neglected, and that the lapse of years without any attempt to enforce a demand creates a presumption against its original validity or that it has ceased to exist. The basic principle most generally relied on by the authorities is that statutes of limitations are statutes of repose, the object of which is to prevent fraudulent and stale claims from springing up after long periods of time and surprising the parties or their representatives when evidence has become lost or the facts have become obscure from the lapse of time. 53 C.J.S. Limitations of Actions § 1, at 902-903, and authorities cited therein.
Because the burden of avoiding the running of the statute is on the claimant, the problem of when and if a statute has run is a query properly directed to the diligence of the claimant and not, as Plaintiff would have it, to the diligence of the party against whom the claim is being asserted. We note, however, that this plaintiff's approach to the statute is not altogether novel, the same argument, apparently, having been made by the claimant in Turner v. County Board of Education ofDale County, supra. Claimant's error here, as in Turner, is in his misplaced reliance on a rule which is separate from, and irrelevant to, the statute of limitations issue. To the rule, set forth above, that a party has a reasonable time to perform when no time is fixed in a contract must be added a corollary principle of law: Where a contract provides no fixed time for performance, the claimant must generally make a demand for performance in order to put the other party in default; and, if a demand for performance is required, the demand should be made within a reasonable time after it lawfully can be made. 17 Am.Jur.2d, Contracts, §§ 356 and 357 at 795 and 796; ProvidentLife Accident Ins. Co. v. Heidelberg, 228 Ala. 682,154 So. 809 (1934).
Where Plaintiff's right of action depends on some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act, for it is not the policy of the law to put it within the power of a party to toll the statute of limitations. If the time for such performance is not definitely *Page 1087 
fixed, a reasonable time, but that only, will be allowed therefor. 54 C.J.S. Limitations of Actions § 200 at 205, and authorities cited therein.
Provident Life Accident Ins. Co. held:
 "Where some condition precedent to the right of action exists, whether it be a demand and refusal, or some other act or contingency within the power of the plaintiff to perform, the cause of action does not accrue, nor the statute begin to run until that condition is performed, or a reasonable time for its performance has elapsed.
 "If the condition or act is not performed, in determining what constitutes a reasonable time for its performance, the circumstances and situation of the parties and the character of the condition or act to be performed will be taken into account, but the negligence of the party in whose favor the inchoate cause of action exists, will not be allowed to intercept the operation of the statute to bar the action." (Emphasis added and citations omitted.)
To summarize: Where no time for performance is fixed in a contract, the claimant must make demand in order to put the other party in breach, and such demand must be timely made if claimant is to avoid the statute of limitations as a bar to his claim. Claimant is not allowed to withhold timely demand as a means of tolling the applicable statute of limitations.
Here, the evidence was without conflict that claimant made demand on the Defendant almost immediately after the promise was allegedly given and continued to demand performance for almost ten years before bringing suit. Given the absence of any conduct on Defendant's part sufficient to invoke the doctrine of estoppel, we can discern no evidence in this case from which a jury could have concluded that the six-year statute had not run on Plaintiff's cause of action on the contract. Therefore, the Trial Court correctly gave a directed verdict for the Defendant on this issue.
Much of what has already been said respecting Plaintiff's lack of diligence in bringing his cause of action on the contract applies as well with respect to his action in tort for fraud. It is well settled that an action based upon fraudulent misrepresentation must be brought within one year of the discovery thereof, or within one year of the time when it should have been discovered. Cities Serv. Oil Co. v. Griffin,357 So.2d 333 (Ala. 1978); Johnson v. Shenandoah Life InsuranceCo., 291 Ala. 389, 281 So.2d 636 (1973); State Security LifeInsurance Co. v. Henson, 288 Ala. 497, 262 So.2d 745 (1972).
Fraud is deemed to have been discovered when it ought to have been discovered. It is sufficient to begin the running of the statute of limitations that claimant knew of facts which would put a reasonable mind on notice of the possible existence of fraud. Jefferson County Truck Growers Ass'n v. Tanner,341 So.2d 485 (Ala. 1977).
Here, the very fact that the road was in need of repairs, prompting Plaintiff and other property owners to begin performing their own maintenance as early as 1969 and 1970 should have put Plaintiff on notice of fraud, if fraud there was. The evidence in this case shows without conflict that more than one year prior to filing of suit Plaintiff had knowledge of facts sufficient to put a prudent person on inquiry, which in the exercise of proper prudence and diligence would have enabled that person to learn of the alleged fraud. A directed verdict for the Defendant on this issue was therefore proper.Cities Service, supra; State Security Life Insurance Co., supra.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES, and BEATTY, JJ., concur. *Page 1088