I respectfully dissent. I would hold, consistent with this Court's prior holding on the first appeal, that the record supports an issue of fact appropriate for jury consideration; therefore, I would reverse the trial Court's judgment granting Defendant's motion for directed verdict and remand the cause for new trial.
Accepting the majority's description of the facts and statements concerning the propriety of this Court's re-examination of previous rulings upon subsequent appeals of the same case, I move on to an analysis of the evidence and application of the law to that evidence.
Defendant B L Construction Company contends as it did on the first appeal that the facts are undisputed that Plaintiffs knew of the existence of the underground springs on their land as early as April, 1973, when they submitted a list of defects to Defendant which, among other things, referred to "[t]he spring or whatever at the foot of the lot. . . ." Defendant contends, therefore, that the one-year statute of limitations for fraud, under § 6-2-39, Code 1975, had long since expired when suit was brought in 1976, even taking into account the statute's "saving clause," by which the statute is tolled until discovery of facts constituting the fraud or discovery of facts which would provoke inquiry in the mind of a reasonable and prudent person which, if followed up, would lead to discovery of the fraud. § 6-2-3, Code 1975; Johnson v. Shenandoah LifeInsurance Co., 291 Ala. 389, 281 So.2d 636 (1973).
If the fraud alleged in this case consisted merely of the presence of underground springs on Plaintiffs' land, Defendant would be correct in its assertion that the statute of limitations has expired on Plaintiffs' claim. Defendant, however, misconstrues *Page 969 
the nature of the fraud alleged here. It is not the existenceper se of underground springs which is alleged to be the material fact misrepresented, or concealed, by Defendants; it is, rather, the likelihood, or probability, that the presence of these springs would subject the land to uncontrolled flooding that is alleged by Plaintiffs to be the basis of their action for fraud. Viewed from this perspective, there exists a genuine issue of fact as to when Plaintiffs discovered, or ought to have discovered, the fraud alleged herein.
In the recent case of Seybold v. Magnolia Land Company,376 So.2d 1083 (Ala. 1979), we reaffirmed the proposition that, by virtue of the very nature and purpose of the saving clause where the statute is raised as a bar to a claim, a question is necessarily raised as to the diligence of the party bringing the claim. Seybold, supra, at 1086. In that case, the purchaser of two lots brought suit for breach of contract and fraud, alleging that the vendor/defendant had failed to perform its promise to maintain and repair the access road leading to the lots. We held that plaintiff, by waiting some ten years before filing suit, had allowed the statute of limitations to lapse on his claim both in tort and in contract. In Seybold, plaintiff knew all he needed to know regarding his claim against the defendant when he first made demand for performance only a few weeks after the promise was allegedly given, and defendant failed either to comply or to induce plaintiff to delay action. When plaintiff in Seybold finally initiated suit, some ten years later, he had no greater knowledge of the relevant facts necessary to his claim than he possessed within the first year after making the purchase. The plaintiff's lack of diligence in pursuing his claim in Seybold caused the claim to lapse.
In the instant case, however, the matter of Plaintiffs' diligence, or lack thereof, is more appropriately a question of fact for determination by the trier of fact. In addition to their early knowledge of the existence of the springs, Plaintiffs' attempts to control the periodic flooding from 1973 through late 1975 might suggest to the trier of fact, if not discovery of the fraud itself, then discovery, perhaps, of sufficient facts, which had they been pursued would have led to discovery of the alleged fraud. On the other hand, it appears equally plausible that the temporary success achieved by Plaintiffs in controlling the flooding might be viewed by the trier of fact in this case as having tolled the statute throughout this period. As already noted, it is not the existence of the springs, or even the flooding, per se which is the basis for Plaintiffs' cause of action; rather, it is the extent of the problem which, according to Plaintiffs, became uncontrollable only in late 1975 and thus sufficient to apprise Plaintiffs for the first time of Defendant's suppression of material facts upon which Plaintiffs' claim is based.
Contrary to the majority I find the Plaintiffs' evidence was sufficient to raise a reasonable inference in support of their position that their discovery of the alleged fraud occurred within twelve months next preceding the filing of their claim.Woods v. Westbrook, 356 So.2d 153 (Ala. 1978). Therefore, I would reaffirm our previous holding that a genuine issue of fact exists on the limitations issue which should be resolved by the trier of fact — in this case, the jury.
MADDOX, FAULKNER and SHORES, JJ., concur.