ALMON, Justice.
This is an appeal by Willoughby from a judgment finding that Theolene Moon, in accordance with an agreement, was indebted to Willoughby in the amount of $11,000. The judgment also ordered Willoughby to assign to Theolene Moon a judgment previously rendered against her husband Win-field Moon.
On November 24, 1970, O. M. Willoughby obtained a $225,365 judgment against Win-field Moon in Jefferson County. Unable to satisfy the judgment in Jefferson County, *620 Willoughby brought suit on the judgment in Cullman County in July of 1972. That suit was dismissed before trial apparently with the consent of all parties. There was evidence that the suit had been dismissed upon an agreement between Willoughby and Winfield and Theolene Moon. A purported copy of the agreement was offered in the present suit, but not allowed into evidence. The agreement was supposedly entered into in April 1973. Subsequently, in April, 1976, the parties entered into a settlement agreement whereby Willoughby agreed to assign his judgment against Win-field Moon, to Theolene Moon upon her paying him the sum of $20,000. Theolene paid Willoughby $9,000 upon execution of the agreement but did not pay the balance because she said Willoughby told her she “could pay the balance anytime I was able.” The evidence was disputed as to Willough-by’s demands for payment. It was admitted that Willoughby had called Theolene and asked for the balance to be paid but she told him she could not pay at that time. There was no indication as to when the demand was made or whether Willoughby took any action upon Theolene’s failure to pay. As of the filing of the present suit in 1978, Theolene had not made any payments under the 1976 agreement other than the $9,000 paid initially. While the present suit was pending, Theolene paid $11,000 into Court as full payment under the agreement.
The following issues were put to the trial court by consent of the parties:
1. The issue as to the validity and enforceability of the agreement dated April of 1973.
2. The issue of the validity and enforceability of the agreement dated April 30, 1976.
3. The issue of the determination of the amount due under either of the two agreements, in the event the court finds that either or both of the agreements are enforceable.
4. The issues raised as to the indebtedness claimed by the Plaintiff from the Defendant in the Amended Complaint.
For a better understanding of this case we set forth the findings of fact and conclusion of the trial court:
This cause is before the Court on the Complaint of O. M. Willoughby, as amended, wherein, the original Complaint sought the declaration that certain lands described therein were owned by the Defendant, Winfield Moon, and sought to have these lands sold to satisfy a Judgment held by the Plaintiff against said Defendant. This Complaint was amended on June 26, 1978, by requesting, additionally, that Plaintiff have a Judgment for Seventeen Thousand Twenty-Six and 00/100 ($17,026.00) Dollars, plus interest from the Defendants, Winfield Moon and Theolene Moon, on an open account theory. The Defendants filed separate Answers to the original Complaint and to the Amended Complaint and the Defendants, Winfield Moon and Theolene Moon, amended their Answer by paying into Court the sum of Eleven Thousand and 00/100 ($11,000.00) Dollars, on the date of June 14, 1978.
By agreement, the issues to be tried by the Court were set down in an Order of this Court, dated October 23, 1978, and these issues were tried before this Court on December 15,1978, however since that time several post-trial Briefs have been filed and several post-trial settlement conferences have been held and scheduled, the latest being November 21, 1979. At that time, the Plaintiff was allowed thirty (30) days to file a rebuttal to the Defendants’ Brief of November 21, 1979, and for all practical purposes that is the date that this case was taken under advisement by this Court.
After considering all of the evidence and the Briefs filed and the legal arguments heard by the Court and the Court not intending anything uncomplimentary, it appears that the facts and the parties and their business dealings are unusual, however, when addressing the issues as set forth in the Order of this Court, dated October 23, 1978, it appears that the alleged agreement of the parties, dated *621 April, 1973, is not enforceable by this Court. There is evidence that an agreement was reached between the parties in April, 1973, and evidence concerning the details of the agreement, however, the agreement being in writing, a purported copy thereof was not allowed into evidence on the objection of the Plaintiff. There is some conflict regarding the amount of a debt owed by the Defendant, Winfield Moon, to the Plaintiff in 1973 and there is evidence, of course, that the parties had other business dealings after any agreement that was reached in 1973. One of the problems appears to be with regard to the fact that good records were not maintained regarding these transactions between the parties. Defendants’ Exhibit “4” indicates that there was a Twenty Thousand and 00/100 ($20,000.00) Dollar settlement between the parties and there is evidence that after, the settlement some transactions were had between the parties and the Plaintiff claims additional sums due him, in addition to the settlement figure, as a result of certain items listed on Defendants’ Exhibit “4”, among which are payments for worthless checks and attorney’s fees. The evidence is not clear concerning these items and all of these items appear to have occurred in a point of time prior to the time the parties entered an agreement on April 30, 1976. There is evidence, also, to the effect that the Plaintiff had possibly included these same items in the settlement agreement of the parties dated April 30, 1976. It further appears that the Plaintiff dismissed a law suit against the Defendants, which was similar to the original Complaint herein, at about the same time that the alleged agreement of April, 1973, was reached. To conclude regarding these matters, it appears that any agreement that the parties may have had in April, 1973, is not enforceable by this Court.
The agreement of the parties, dated April 30, 1976, appears valid. This agreement was duly executed for a valid consideration, a part of which was the payment of the sum of Twenty Thousand and 00/100 ($20,000.00) Dollars. The evidence indicated that the Defendant, Theolene Moon, paid to Plaintiff the sum of Nine Thousand and 00/100 ($9,000.00) Dollars on the date of the agreement, thereby leaving a balance due the Plaintiff in the amount of Eleven Thousand and 00/100 ($11,000.00) Dollars. Normally, it would appear that the Twenty Thousand and 00/100 ($20,000.00) Dollar payment would be due presently since no payment time was specified, but it appears that Plaintiff and Defendant, Theo-lene Moon, orally amended the agreement, whereby this Defendant was allowed to pay on that date the sum of Nine Thousand and 00/100 ($9,000.00) Dollars and allowed to pay the balance of Eleven Thousand and 00/100 ($11,000.00) Dollars later when she was able, when she could get the money. Apparently, at this time, the Plaintiff could have demanded and received the entire Twenty Thousand and 00/100 ($20,000.00) Dollars, but the evidence indicates that the Plaintiff agreed to allow Theolene Moon to pay Nine Thousand and 00/100 ($9,000.00) Dollars of said amount and agreed to defer the payment of the Eleven Thousand and 00/100 ($11,000.00) Dollars because Theolene Moon stated that she needed the money and Plaintiff stated that she could pay the balance when she got the money or that she could pay the balance any time that she was able. So far as I can determine, this is undisputed, and it appears that this balance should be paid to the Plaintiff within a reasonable time under these circumstances and conditions, if not as stated.
The Plaintiff’s testimony was that af-terwards he requested payment several times. It was not clear exactly of whom the request was made, nor was it clear exactly as to specific times the requests were made. The Defendant, Theolene Moon, testified that on one occasion the Plaintiff did request, after the agreement date, that this balance be paid, however, no specific time or date was given here either.
*622 It further appears that the agreement of April 30, 1976, was drawn in contemplation of agreements and business dealings had between the parties, which included those which were the subject of an alleged 1973 agreement between the parties and including some business dealings which occurred between the parties since that time. It appears that the agreement of April 30, 1976, included more than just the satisfaction of a Judgment, which the Plaintiff had against the Defendant, Winfield Moon, it appears that the agreement was in writing and that there was other consideration in the agreement independent from the satisfaction of the Judgment. At the time of the agreement, Plaintiff received Nine Thousand and 00/100 ($9,000.00) Dollars, and under the agreement, the only agreement that we have before the Court, the balance due the Plaintiff was in the amount of Eleven Thousand and 00/100 ($11,000.00) Dollars and this sum was paid into Court for the benefit of the Plaintiff on June 14, 1978. This payment was made after the Complaint was filed and after the original Complaint had been answered, and based upon the evidence and in consideration of the law applying, it appears that this sum was paid within a reasonable time, or viewing the situation in the worst light, the failure of the Defendant to pay the Eleven Thousand and 00/100 ($11,000.00) Dollars sooner, was only a partial failure and it appears that Plaintiff can now be fully compensated, pursuant to the agreement of April 30, 1976. There being no default, it appears that this agreement of April 30, 1976, is a valid and enforceable agreement and that it should be enforced and that the equities between the parties can best be served by placing the parties in the same relative position which they were in immediately after the April 30, 1976, agreement.
It follows then that the Court should order the Clerk to pay over to the Plaintiff the Eleven Thousand and 00/100 ($11,000.00) Dollars, now on deposit with her, together with all accrued interest, and that the Plaintiff should be ordered to perform all of those things which he agreed to perform in the agreement dated April 30, 1976, and it follows further that no indebtedness results from the issues reached by the amended Complaint and that the Defendants should have a Judgment as to these issues.
The general rule as to performance under a contract is stated in Hendrix, Mohr & Yardley, Inc. v. City of Daphne, 359 So.2d 792 (Ala.1978), as follows:
The rule as established by this Court is that, when an act is to be done, and no time is prescribed for its performance, the law requires it to be done within a reasonable time. Smith v. Pope, 280 Ala. 662, 197 So. 2d 767 (1967); Sims v. City of Birmingham, 256 Ala. 540, 55 So.2d 833 (1951); and Drake v. Goree, 22 Ala. 409 (1853). What is a reasonable time depends upon the nature of the act to be done and all the circumstances relating to that act. Smith, supra. This, necessarily, is a question of fact to be determined by the trier of facts — here, the trial Judge. Drake, supra.
This factual question was decided adversely to Appellant; and all presumptions lie in favor of his decree under our ore tenus rule of review. See Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492 (1942). Thus, where, as here, there is credible evidence supporting the Court’s decree, and it is not manifestly unjust or unreasonable, the decree must be upheld. Alabama Power Co. v. Martin, 341 So.2d 695 (Ala.1977); Hartford Accident and Indemnity Co. v. Oglesby, 293 Ala. 620, 308 So.2d 695 (1975); and Shirley [ v. McNeal, 272 Ala. 696, 133 So.2d 873 (1961).]
This language was subsequently discussed in Seybold v. Magnolia Land Company, 376 So.2d 1083 (Ala.1979), and modified to the extent that the question as to what is a reasonable time for performance of a contract is not always one for the trier of fact. “When it depends upon a construction of a contract in writing — or upon undisputed extrinsic facts — it is a matter of law upon *623 which a directed verdict may be appropriate.” Seybold, supra, at page 1086.
We are of the opinion that Hendrix, supra, is controlling and the trial court' has not abused its discretion.
In essence, the trial court has held the parties to their own agreement. We cannot discern from the record exactly what relationships or business dealings led to the 1976 agreement, but we are clear to the conclusion that no error is made to appear.
The judgment is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.