SHORES, Justice.
This is an appeal by the plaintiffs from a summary judgment entered in favor of the defendant on a complaint alleging fraud and misrepresentation by the defendant about a tract of land sold by him to the plaintiff. We affirm.
The complaint alleged that the defendant misrepresented that the tract of land bought by the plaintiffs was part of a commercial subdivision which was restricted to commercial use.
The complaint alleged that the representation was made on or about August 17, 1977, while the parties were negotiating the property transaction. The complaint was filed November 18, 1982. The defendant’s answer and motion for summary judgment raised the statute of limitations of one year. Section 6-2-3, Ala.Code 1975, provides:
“In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be *353 considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action.”
The deposition of the plaintiffs demonstrates that, assuming the defendant did represent that the tract they bought was a part of a commercial subdivision, they knew more than one year before the suit was commenced that this was not true. Dr. Anderson testified that he knew in the summer of 1981 that other tracts had been sold by the defendant without restriction to commercial use. In fact, Dr. Anderson himself had bought another lot in the subdivision without restriction to commercial use more than one year before bringing this action.
We have read all of the evidence which was before the trial court on motion for summary judgment, and we agree that there is no genuine issue of material fact as to whether the plaintiffs’ cause was barred by the statute of limitations. The evidence shows without conflict that more than one year prior to filing the complaint in this case the plaintiff had knowledge of facts sufficient to put a prudent person on inquiry, the pursuit of which would have led to discovery of the alleged fraud. Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala.1979).
We hold that the trial court was correct in granting summary judgment in favor of the defendant, because there is no conflict in the evidence with respect to when the plaintiffs discovered; or could, with reasonable diligence, have discovered, the alleged fraud, and this being more than one year prior to the filing of the complaint in this case, the claim is time barred.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.