EMBRY, Justice.
The Pages appeal from the following judgment:
“This matter comes on for hearing on the defendant’s Motion for Summary Judgment. Depositions have been obtained by the parties of all pertinent witnesses and those depositions have been submitted by the parties for consideration by the Court in ruling on this motion. The Court has also taken into consideration all pleadings heretofore filed in this matter.
FINDINGS OF FACTS AND CONCLUSIONS OF LAW
“The plaintiffs’ complaint arises out of an accident involving the plaintiff, Sheila Page and the defendant, Jeffrey Dean Hale. The defendant struck the plaintiff Sheila Page while' he was riding a bicycle down the hill in front of the house in which she resided. The plaintiff Grant Page has a derivative action for the injuries sustained by his wife. The plaintiffs’ complaint seeks recovery on four counts; first, negligence; second and third, for violation of city ordinances; and fourth, for wantonness.
“The accident occurred on March 20, 1981 in Huntsville, Madison County, Alabama. Suit was filed in the Madison County Circuit Court on May 13, 1983, over two years after the accident occurred.
“The defendant was insured against liability under a Home Owners Insurance Policy issued as to his mother, Mrs. Sharon Hale, by the Prudential Property and Casualty Insurance Company. Prudential, on behalf [of] its insured, undertook to investigate and negotiate the claim of the plaintiffs against the defendant. Prudential paid, under the medical payment portion and the liability portion of its insurance policy, medical expenses incurred by the plaintiffs in the amount of Four Thousand Eight Hundred Sixty-five and 35/ioo ($4,865.35) Dollars. Prudential also sent the plaintiffs a letter stating that it expected credit for those payments upon a final settlement.
“After the accident the plaintiffs moved first to Texas and then to Colorado. In September of 1981 they employed an attorney, Allen Abelman of Denver, Colorado, to represent them for damages arising out [of] the accident. Mr. Abel-man had several telephone conversations and exchanged several letters with a representative of Prudential, Mr. A1 Loftis. Mr. Loftis was the claims supervisor employed by Prudential to handle the claim of Mr. and Mrs. Page against their insured, the defendant.
“It is clear from the deposition of Mr. Abelman that he at no time made any effort whatsoever to determine the statute of limitations for actions occurring in Alabama. It is undisputed that at no time did Mr. Loftis ever indicate in any way, shape or form that the statute of limitations would be waived. According to Mr. Abelman, the statute of limitations was never mentioned at all. Mr. Abelman also testified that the words waive, waiver or waived or anything sim *636 ilar were never used by Mr. Loftis to him in the course of the negotiations. Mr. Loftis, according once again to Mr. Abel-man’s testimony, never told him or indicated that Abelman would not have to file suit.
“It is apparent from the face of the complaint that the statute of limitations for negligence had in fact expired prior to the commencement of this action. Therefore, the only question to be determined at this point is whether or not the defendants by their actions are, as claimed by the plaintiffs, estopped from raising that defense in this case.
“A plaintiff in any case has the duty of ascertaining and avoiding the running of a statute of limitations. Therefore, the question of when and if a statute has run is a question more properly directed to the plaintiffs’ diligence and not to the defendant’s. Seybold v. Magnolia Land Company, 376 So.2d 1083 (Ala.1979). The only way in which the actions of a defendant would come into question regarding the running of a statute of limitations is where, as in this case, the plaintiff alleges that the defendant should be estopped from raising that defense. In general, conduct which is sufficient to give rise to an estoppel against the pleading of a statute of limitations must amount to an affirmative inducement to the plaintiff to delay bringing the action. Seybold, supra at p. 1085. In the present case, even when viewing all evidence in the light most favorable to the plaintiffs, as the Court is required to do when ruling on a Summary Judgment motion, it is established by the testimony of the plaintiffs’ prior attorney himself that there was no such inducement which caused him to delay the bringing of suit within the statutory period. Not only was there no explicit waiver, it is clear from the testimony of Mr. Abelman that there was no implied, tacit, overt or any other type of waiver of the statute of limitations much less an affirmative inducement which caused the plaintiffs’ attorney to delay bringing this action. To the contrary, it is clear that neither he nor the representative of Prudential had any idea that the statute was close to running.
“Under the undisputed facts of this case, there was no waiver or inducement and thus the principle of collateral estop-pel is not properly raised in this case. For this Court to rule otherwise would be, in effect, to rule that the mere entry into or continuation of negotiations tolls the statute of limitations, which is simply not the case in Alabama. This is especially true when the plaintiffs are represented by counsel. Turner v. County Board of Education of Dale County, 360 So.2d 948 (Ala.1978); cf., Bealle v. Nyden, Inc., 245 F.Supp. 86 (D.C.Conn. 1965).
“The question of the expiration of a statute of limitations when based upon undisputed facts is a matter of law and a proper question to be disposed of by Summary Judgment. Seybold, supra.
“The Court is therefore of the opinion that the defendant’s Motion for Summary Judgment as to Count One of the plaintiffs’ complaint is well taken.
“Counts Two and Three of the plaintiffs’ complaint apparently attempt to allege a cause of action based upon violation of City ordinances. The Court, without reaching the question of whether or not they state a cause of action as such, would merely point out that the plaintiff has failed to show to the Court any separate or different statute of limitations for such an alleged violation and the Court is of the opinion that the one year statute of limitations set out in § 6-2-39(a)(5), Code of Alabama, 1975, would govern.
“The Court is therefore of the opinion that Counts Two and Three of the plaintiffs’ complaint are also due to be dismissed as being barred by the statute of limitations, not having been commenced within one year of accrual.
“It is, therefore;
“ORDERED, ADJUDGED and DECREED that Counts One, Two and Three *637 of the plaintiffs’ complaint be and they hereby are, DISMISSED.
“This the 15 day of February, 1984.
“s/ S.A. Watson S.A. Watson, Jr.
Circuit Court Judge”
After careful review of the record, we find the eommendably erudite and correct judgment to be amply supported by the undisputed evidence. For that reason, the judgment below is due to be, and is hereby, affirmed.
AFFIRMED.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.