This is a breach of contract case.
The plaintiff and a third party entered into a written contract on March 17, 1985. The defendant later acquired the third party's interest in and responsibilities under the contract. Under the terms of the contract, the defendant was required to pay certain monthly professional expenses of the plaintiff for a two year period which ended March 17, 1987. The defendant failed to make those payments from January 1, 1987 to March 17, 1987. On March 25, 1987 the plaintiff notified the defendant that such delinquency constituted a breach of the contract, that the plaintiff was no longer responsible for any obligations under the contract and that he would seek to collect through legal means the amount owed to him.
The plaintiff sued the defendant therefor on July 7, 1987. The defendant counterclaimed on March 31, 1988 for certain contingent payments which were alleged to have become due from the plaintiff because of the plaintiff's breaches of the same contract which allegedly occurred between January 7, 1988 and March 17, 1988. After a nonjury evidentiary trial, a judgment was rendered in favor of the plaintiff and against the defendant for $5,155.92 and a judgment was also rendered in favor of the plaintiff on the counterclaim. The defendant appealed and the issue here concerns only the trial court's ruling upon the counterclaim.
A defendant breaches its contract and the plaintiff's right of action is complete upon the defendant's failure to do the particular thing that it agreed to do. Seybold v. Magnolia LandCo., 376 So.2d 1083 (Ala. 1979). The defendant's failure to pay the plaintiff's expenses as it had agreed to do constituted a material breach of the contract. The plaintiff was within his legal rights in treating the contract as being totally breached. Because of the defendant's material breach of the contract, the plaintiff's future performance of the contract was excused and the plaintiff had an immediate cause of action for that breach. Denver-Albuquerque Motor Transport, Inc. v.Green, 57 Ala. App. 709, 331 So.2d 719 (1976). Since the plaintiff was not required to further perform under the contract, he did not breach it between January 7, 1988 and March 17, 1988. Accordingly, the ruling of the trial court upon the defendant's counterclaim is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 79