Plaintiffs, William R. Mason and Frances Mason, are the owners of residential property located in Mobile County, Alabama. In 1977, Mobile County altered a drainage ditch which was located along the north border of the Masons' property. The drainage ditch originally ran east to west, but was altered to make a ninety degree turn at the northeast corner of the property and continued southward along the east line of the Masons' property.
The Masons' home has been flooded several times since the alteration in the ditch. Mr. Mason contacted the county concerning the alteration and was told that if the culvert did not properly handle the water, the county would correct the problem. Mr. Mason, in his affidavit, stated:
 "Within two to three months after a rain I called Arnold Debrow's secretary and was told Mr. Debrow was out. I described the problem to her and in response to my call an engineer (John Murphy, I think) came to my house. He said I definitely had a problem and he would get back with the commissioner's office.
 "I went through the same procedure some months later and someone was sent out to my house.
 "I contacted Bay Haas in early 1979, to the best of my recollection. He said he would have an engineer look at the problem. I asked if he wanted to call me or for me to call him. He said for me to call him. When I called him back he said they had looked at it and would try to remedy the problem. I talked to him in November, 1979, and asked if he had forgotten my problem. He said he did not remember it. I explained it to him again and he told me again he would send an engineer. In the first part of 1980, I contacted Jeff Mims. He said he had some work to do in the area and while they were there, they would have the crew come in and take care of my problem, too. I talked to him again in February or March of 1980, and he said they had a work order to do the work. When no one showed up, I called Jeff Mims for four days in a row. He never returned my call, but he sent Houston Pierce to my home.
 "I told Houston Pierce that if they did not correct the problem I was not going to call him again and that I was going to file a lawsuit.
 "I have called the commissioner's office on many occasions, but this affidavit reflects the results of specific conversations and the representations I recall having been made to me."
In May, 1980, Mr. Mason filed a claim against Mobile County with the County Commission, in accordance with Code 1975, §6-5-20. The Masons filed an action in the Circuit Court of Mobile County in September, 1980. The complaint consisted of four counts: negligent engineering of the drainage ditch, negligent construction of the ditch, nuisance, and continuing trespass. On December 3, 1980, the trial judge granted the County's motion to dismiss Counts *Page 21 
One, Two and Three on the basis of the statute of limitations. The Masons filed a motion to reconsider and submitted the affidavit of Mr. Mason. The motion was denied, and a final judgment was entered against the plaintiffs on March 13, 1981. The Masons appeal. We reverse.
The plaintiffs' counts in negligence and nuisance are subject to a one-year statute of limitations under Code 1975, § 6-2-39. Mobile County asserts that the only conduct sufficient to estop a defendant from raising the statute of limitations is "an affirmative inducement to the claimant to delay bringing the action." Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala. 1979). In order to constitute an affirmative inducement, the defendant contends it must actively mislead "the plaintiff and urge him not to file a lawsuit." See City of Montgomery v.Weldon, 280 Ala. 463, 195 So.2d 110 (1967).
Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala. 1979), and other cases cited by Mobile County construe Code 1975, § 6-2-3, which tolls the statute of limitations in the case of fraudulent concealment. This section cannot act to toll the statute of limitations in this action because there has been no concealment of the cause of action or injury, only an inducement not to bring a lawsuit on a claim the Masons knew existed. The sole issue in the present case is whether a person's representations that damages will be repaired which mislead a potential plaintiff into believing that he or she can postpone bringing a claim may toll the statute of limitations contained in Code 1975, § 6-2-39.
In Ex parte Youngblood, [Ms. March 27, 1981] (Ala. 1981), this Court addressed the same issue in the context of the workmen's compensation statutes. In that case, an employee suffered a hip injury during the scope of his employment. The doctor authorized by his employer to treat the injury told Youngblood on several occasions that he could not determine the extent of Youngblood's permanent disability until after the removal of a hip nail in a subsequent operation. Mr. Youngblood, relying on these representations, waited to file his claim for permanent disability until after the operation, after the statute of limitations contained in Code 1975, §25-5-80 had run. Justice Maddox, speaking for the Court, stated:
 "[T]he representations of an employer or its insurance carrier may be such as to estop them from asserting the statute of limitations as a bar to a claim for workmen's compensation, if the employer or the carrier, or their representatives, in their dealings with the claimant, conduct themselves in such a manner, whether innocently or fraudulently as to mislead the claimant into believing that he can postpone the filing of his claim until the period of limitation has expired [emphasis added]."
The rationale of the Court in Ex parte Youngblood is equally applicable to the facts of the present case. The County of Mobile represented to the Masons on several occasions that it would attempt to correct the problem with the drainage pipe. Relying on these representations, Mr. Mason delayed bringing an action. It would be inequitable to permit the County of Mobile to assert the statute of limitations as a bar to bringing the cause of action. We hold that Mobile County's conduct estops it from raising the bar of the statute of limitations. The trial court erred in granting the County's motion to dismiss. The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX and ALMON, JJ., dissent.