FAULKNER, Justice.
Alice and Jewel Moore appeal from the trial court’s granting of a directed verdict in favor of National Security Insurance Company. The directed verdict was based on the grounds that their cause of action for fraud was barred by the applicable statute of limitations and in the alternative that there was not sufficient evidence to establish a prima facie case of fraudulent concealment. We affirm.
The Moores purchased their first policy of burial insurance from National Security in April of 1970, which insured their daughter Charlotte in the face amount of $850.00. In January and September of 1971 they purchased two additional policies, the first one insuring Jewel and the second insuring Alice, in the face amounts of $300.00 each. Subsequently, these three policies were lapsed in exchange for three new policies to increase the amount of coverage. The daughter’s new policy was for $1,000.00 and Mr, and Mrs. Moore’s were for $500.00 each. The premiums were paid on these policies until 1977, when the Moores again requested additional coverage. In July of 1977 the Moores purchased a $1,000.00 face amount policy on their son Kevin.
In September of 1977 the Moores contacted Mary Morton, National Security’s agent in their area, for the purpose of purchasing additional coverage. The Moores testified that they wanted to increase the coverage under their existing policies to $1,500.00 per person. Morton testified that she understood their request to mean they wanted four new $1,500.00 policies to supplement the insurance they already had, which is what was issued to them. Morton collected the premiums on the four new policies but not the premiums on the four earlier policies, because the Moores had been paying those to another debit agent. Morton stated that she assumed the Moores were continuing to make the premium payments on the old policies to that agent. However, those four earlier policies subsequently lapsed into extended benefits for non-payment of premiums.
The insurance policy purchased in April of 1970 was due to be paid in full in ten years from the date of its issue. Sometime in late 1980 the Moores inquired of William Feazell, their new debit agent, whether the policy was about ready to “pay out.” Fea-zell told them he would check into it and get back with them, which he did a few months later, informing them that the four earlier policies had lapsed and that they had four new policies. The Moores told Feazell this was not what they had wanted and asked him to see what the problem was. Feazell said he would check with Morton and get back in touch with the Moores. Morton contacted the Moores and told them she was checking into the problem at the home office. On several subsequent occasions the Moores contacted Morton and were told she was still checking *348 into the problem. Feazell told the Moores that he had turned the problem over to Morton and that he did not know what the company was going to do about it.
All of the above conversations occurred over a period of several months beginning sometime in late 1980. Yet, it was not until September 24, 1982, that the Moores filed suit.
The statute of limitations applicable to the Moores’ cause of action for fraudulent concealment is one year from the discovery by the aggrieved party of the fact constituting the fraud. Code 1975, § 6-2-3. The record in this appeal clearly shows that the complaint was not filed within the required one year, and the Moores have never alleged that it was. Thus, the issue to be determined at this point is whether National Security by its actions is, as claimed by the Moores, estopped from asserting the statute of limitations as a defense in this case.
“[T]he question of when and if a statute has run is a question more properly directed to the plaintiffs’ diligence and not to the defendants’.” Page v. Hale, 472 So.2d 634 (Ala.1985). See also Seybold v. Magnolia Land Company, 376 So.2d 1083 (Ala.1979).
When the plaintiff alleges the defendant should be estopped from raising the defense of the statute of limitations, as the plaintiffs do in this case, then the actions of the defendant come into question. In general, conduct which is sufficient to give rise to an estoppel against the pleading of the statute of limitations must amount to an affirmative inducement to the plaintiff to delay bringing the action. Seybold, supra, at 1085.
The evidence in this case shows that the Moores learned of the allegedly fraudulent conduct sometime in late 1980. The only statements ever made by National Security representatives to the Moores were that they were “checking into the problem” or that “they were still checking.” National Security never assured the Moores they would receive all they believed they were entitled to receive. These statements were nothing more than vague assurances and did not affirmatively induce the Moores to inaction. Therefore, National Security is not estopped from asserting the statute of limitations as a defense, and since the suit was not filed within one year of the discovery of the alleged fraud, the trial court properly entered a directed verdict for National Security. Having found that the statute of limitations has run, we decline to discuss the issue of whether there was sufficient evidence to establish a prima fa-cie case of fraudulent concealment.
AFFIRMED.
ALMON, ADAMS and HOUSTON, JJ., concur.
TORBERT, C.J., concurs in the result.