SHORES, Justice.
On September 15, 1987, Glenda Campbell slipped and fell in the Consumer Warehouse Foods store in Tuscaloosa, Alabama. On October 20, 1989, she sued, along with others, Consumer Foods, Druid Janitorial Services, Inc., Bruno’s, Inc.,[1] and Consumer Warehouse Foods, alleging negligence, wantonness, and breach of expressed or implied warranties.
Bruno’s, Inc., and Druid Janitorial Services, Inc., moved for summary judgment based on the fact that the lawsuit was filed more than two years after the accident and thus, they claimed, was barred by the statute of limitations, § 6 — 2—38(Z), Ala. Code 1975. Ms. Campbell then amended her complaint to add an additional count alleging misrepresentation. On March 7, 1990, the trial court entered a summary judgment as to the negligence, wantonness, and breach oí warranty counts of her complaint; that judgment was made final pursuant to Rule 54(b), A.R.Civ.P. The trial judge left pending the misrepresentation count. Ms. Campbell appealed. We affirm.
Ms. Campbell contends that the defendants affirmatively induced her to delay bringing an action against them and therefore should be estopped from pleading the statute of limitations as a defense. We stated the applicable law in City of Birmingham v. Cochrane Roofing & Metal Co., 547 So.2d 1159 (Ala.1989):
“In Mason v. Mobile County, 410 So.2d 19 (Ala.1982), this Court held that if a defendant either fraudulently or innocently represents to the plaintiff that he will remedy a problem, and relying on these representations the plaintiff is induced not to file a lawsuit or take any action, the defendant may be estopped from raising the statute of limitations as a defense. Additionally, in Arkel Land Co. v. Cagle, 445 So.2d 858 (Ala.1983), we held that if a defendant represents that a lawsuit is unnecessary because he intends to take care of the problem he is likewise estopped from raising the statute of limitations as a defense.”
547 So.2d at 1167. In addition to the principles of equitable estoppel set forth in Mason v. Mobile County, 410 So.2d 19 (Ala. 1982), and Arkel Land Co. v. Cagle, 445 So.2d 858 (Ala.1983), City of Birmingham v. Cochrane Roofing & Metal Co. requires *632 reasonable reliance. Id. Thus, the conduct that is sufficient to estop a party from pleading the statute of limitations must amount to an affirmative inducement to the claimant to delay bringing the action, Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala.1979), upon which the claimant must have reasonably relied.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for summary judgment. In order to enter summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. “In determining whether summary judgment was properly granted, the trial court must view the motion in a light most favorable to the non-movant. Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981).” Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985). Rule 56 is read in conjunction with the “substantial evidence” rule. § 12-21-12, Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). We must determine whether the plaintiff produced substantial evidence of an affirmative inducement by the defendants upon which she reasonably relied in delaying the filing of her action.
A review of the evidence presented by Ms. Campbell persuades us that no reasonable person would have allowed the statute of limitations period to expire on the basis of these defendants’ actions. Ms. Campbell admits in her affidavit that she was injured on September 15, 1987. She states as follows:
“On or about September 15, 1988, the assistant manager of Consumer Foods called me and told me to bring in my doctor’s bills and they would reimburse me. When I took the doctor bill and prescription bills to the assistant manager of Consumer Foods, he told me that Druid Janitorial Service, Inc., was responsible and that I should take these bills to them. I complied with his request and called the janitorial service shortly thereafter. To my knowledge, they paid the initial doctor bill and several of the prescription bills I had at that time. In July of 1988 [sic], I took some more prescription bills to the janitorial service and they referred me to an insurance agent at Pritchett-Moore. An employee of Pritchett-Moore came out and got the bills from me and said I would receive a check. I did not receive a check from Pritchett-Moore. In September, 1988, an adjustor who told me he worked for Pritchett-Moore came to my house and took my statement regarding the accident. He told me that everything would be taken care of. During this time, Newt [Knute] Christian, who is president of Druid Janitorial Service, Inc., personally gave me One Hundred Fifty and NO/100 ($150.00) Dollars for some prescription refills. In January, 1989, I called Newt Christian and he told me that his insurance company would handle everything. I continued to call Pritchett-Moore Insurance Company and was told that someone was working on the case and that they would call me back. On October 19, 1989, I called Pritchett-Moore and was given the number of Cindy Pinhas, who works for USF & G in Birmingham, Alabama. When I spoke with her on the telephone, she told me that I had almost let the statute of limitations expire and that I needed to file suit before October 28, 1990. [Ms. Campbell’s affidavit uses the date October 28, 1990. She probably meant to say “1989.” The record indicates that Ms. Campbell originally alleged that she had fallen on October 27, 1987; the parties seem to agree, however, that the fall actually occurred on September 15, 1987.] I then contacted my attorney, who filed this lawsuit on October 20, 1990 [sic].” (C.R. 29-31).
These representations to Ms. Campbell, if they can be called that, fall short of any affirmative inducement to delay the action necessary to estop the defendants from pleading the statute. See Seybold v. Magnolia Land Co., supra, and Moore v. National Security Insurance Co., 477 So.2d 346 (Ala.1985). Nor were the statements made to Ms. Campbell of such a nature *633 that one might reasonably rely upon them in failing to file suit.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON and KENNEDY, JJ., concur.

. In its answer, Bruno's, Inc., states that it was "incorrectly identified in the Complaint as ‘Consumer Warehouse Foods, Consumer Foods, Consumer Warehouse Foods, Inc.' ”