THOMAS, Judge.
Bella Investments, Inc. (“Bella”), appeals from a summary judgment entered by the Jefferson Circuit Court in favor of Multi Family Services, Inc. (“MFS”), on all Bella’s claims against MFS. We dismiss the appeal.
In June 2003, Bella entered into a contract with MFS for MFS to serve as the general contractor for the construction of a hotel in Gardendale. The contract between the parties included a warranty provision, warranting MFS’s work for one year from the issuance of the certificate of occupancy. MFS, in turn, contracted with various other entities, including David & Company Architects, Inc. (“David & Company”), to serve as the architects for the project and Danny Hawkins d/b/a Danny Hawkins Floor Covering (“Hawkins”) to serve as a subcontractor to install tile flooring in the hotel.
The building inspector for the City of Gardendale inspected the hotel on April 5, 2006, and, that same day, issued a certificate of occupancy for the hotel. At the time that the certificate of occupancy was issued, several issues, including cracking in some of the floor tiles, remained outstanding and had been listed on a punch list of items for MFS to remedy. Bella also made requests under the warranty provision of the contract for MFS to repair cracked floor tiles in the hotel. According to Bella, problems with cracking floor tiles continued and MFS failed to remedy the issue.
On August 4, 2008, Bella sued MFS, C. Boyd Edgerton, in his individual capacity,[1] David & Company, and various fictitiously named defendants in the Marshall Circuit Court. In its complaint, Bella asserted claims of negligence/wantonness, negligent hiring and supervision, suppression, and breach of contract. Bella also asserted that MFS’s subcontractors were liable to Bella because Bella was a third-party beneficiary to the contracts between MFS and the subcontractors. Bella then moved the *923 Marshall Circuit Court to transfer the action to the Jefferson Circuit Court; MFS and Edgerton joined Bella’s motion to transfer the action. On September, 30, 2008, the Marshall Circuit Court transferred the action to the Jefferson Circuit Court (“the trial court”).
On November 3, 2008, Bella amended its complaint, reasserting its claims and substituting Layne Structural, Gonzales Strength & Associates, Inc., Tusco Fence, Inc., and Whiten Pools for some of the fictitiously named defendants.[2] MFS answered Bella’s complaint, denying all its material allegations and asserting certain affirmative defenses, including the statute of limitations. MFS also asserted a counterclaim against Bella, alleging that Bella had breached its contract with MFS by failing to pay MFS the full amount owed under the contract. In addition, MFS asserted a third-party complaint against Sur-esh Parmar and Bharti Parmar, in their individual capacities, alleging that the Par-mars had executed a note in favor of MFS, which they had not paid.[3] On May 5, 2010, Bella filed a second amended complaint, reasserting its claims and substituting Hawkins for one of the fictitiously named defendants.
On June 14, 2010, MFS moved the trial court for a summary judgment on all Bella’s claims against it. MFS asserted three bases in support of its summary-judgment motion: (1) that all Bella’s claims were barred by the applicable statute of limitations, as provided in § 6-5-221, Ala.Code 1975;[4] (2) that Bella did not provide MFS with notice of its claims, in contravention of the contract between the parties; and (3) that there was no genuine issue of material fact concerning Bella’s suppression claim. MFS also submitted evidence in support of its summary-judgment motion. Bella filed a brief in opposition to MFS’s summary-judgment motion and submitted evidence in support of its brief in opposition.
On September 23, 2010, the trial court entered a summary judgment in favor of MFS on all Bella’s claims against it. In its order, the trial court stated that it had determined, among other things, that Bella’s claims were barred by the statute of limitations. The summary-judgment order also stated that “[t]his order shall not affect [Bella’s] claims against Defendants David & Company ... and [Hawkins],” the only other defendants still remaining in *924 the action. See supra note 2. Bella filed a pui’ported postjudgment motion requesting that the trial court alter, amend, or vacate its summary-judgment order, which the trial court denied. Bella subsequently appealed to the Alabama Supreme Court. Our supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
The trial court’s summary-judgment order disposed of only the claims of Bella against MFS. An appeal ordinarily lies only from the entry of a final judgment. Ala.Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.[5] Bean, 557 So.2d at 1253. MFS’s counterclaim against Bella, MFS’s third-party claims against the Par-mar’s, and Bella’s claims against David & Company and Hawkins remain pending in the trial court. Therefore, the summary judgment from which Bella appealed is not a final judgment.
The trial court did not certify the judgment as final pursuant to Rule 54(b), and, in this case, it does not appear that such a certification would have been appropriate. The facts regarding when Bella’s causes of action accrued and, accordingly, when the statute of limitations began to run, are also relevant to the claims Bella asserted against David & Company and Hawkins, which claims remain pending in the trial court. Moreover, Bella’s claims against David & Company and Hawkins arise out of the same set of common facts as Bella’s claims against MFS. Piecemeal appellate review of cases is disfavored. See Loachapoka Water Auth., Inc. v. Water Works Bd. of Auburn, 74 So.3d 419, 424 (Ala.2011) (quoting Smith v. Slack Alost Dev. Servs. of Alabama, LLC, 32 So.3d 556, 562 (Ala.2009)) (noting that certification pursuant to Rule 54(b) was inappropriate when “ ‘[repeated appellate review of the same underlying facts would be a probability’ ”). In addition, MFS’s counterclaim against Bella and MFS’s third-party claims against the Parmars, which remain pending in the trial court, also involve the same set of facts as Bella’s claims against MFS, David & Company, and Hawkins. See Palmer v. Resolution Trust Corp., 613 So.2d 373, 376 (Ala.1993) (holding that the trial court exceeded its discretion in certifying a summary-judgment order as final under Rule 54(b) when issues necessary to the resolution of the appeal were common to issues necessary to the resolution of still-pending counterclaims).
Because the summary-judgment order from which Bella appeals is not a final judgment, and because a Rule 54(b) certification of the summary-judgment order would not be appropriate in this case, we dismiss the appeal as having been taken from a nonfinal judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Edgerton was a principal in MFS. The claims against Edgerton in his individual capacity were later dismissed.

. Layne Structural, Gonzales Strength & Associates, Inc., Tusco Fence, Inc., and Whiten Pools were all later dismissed as defendants in the case.

. The Parmars are principals in Bella.

. Section 6-5-221 provides, in pertinent part:
"(a) All civil actions in tort, contract, or otherwise against any architect or engineer performing or furnishing the design, planning, specifications, testing, supervision, administration, or observation of any construction of any improvement on or to real property, or against builders who constructed, or performed or managed the construction of, an improvement on or to real property designed by and constructed under the supervision, administration, or observation of an architect or engineer, or designed by and constructed in accordance with the plans and specifications prepared by an architect or engineer, for the recovery of damages for:
"(i) Any defect or deficiency in the design, planning, specifications, testing, supervision, administration, or observation of the construction of any such improve[1] ment, or any defect or deficiency in the construction of any such improvement; or
"(ii) Damage to real or personal property caused by any such defect or deficiency; or
“(iii) Injury to or wrongful death of a person caused by any such defect or deficiency;
“shall be commenced within two years next after a cause of action accrues or arises, and not thereafter.”

. Rule 54(b) provides, in pertinent part:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”