THOMAS, Judge.
Bella Investments, Inc. (“Bella”), appeals from a summary judgment entered by the Jefferson Circuit Court (“the trial court”) in favor of Multi Family Services, Inc. (“MFS”), on Bella’s claims against *790 MFS. We affirm in part, reverse in part, and remand with instructions.

Facts and Procedural History

This is the second time these parties have been before this court. See Bella Invs., Inc. v. Multi Family Servs., Inc., 80 So.3d 921 (Ala.Civ.App.2011). We set forth the pertinent background and procedural history of this case in Bella, which we quote below, and we use the terms defined therein as defined terms in this opinion:
“In June 2003, Bella entered into a contract with MFS for MFS to serve as the general contractor for the construction of a hotel in Gardendale. The contract between the parties included a warranty provision, warranting MFS’s . work for one year from the issuance of the certificate of occupancy. MFS, in turn, contracted with various other entities, including David & Company Architects, Inc. (‘David & Company[1]), to serve as the architects for the project and Danny Hawkins d/b/a Danny Hawkins Floor Covering (‘Hawkins’) to serve as a subcontractor to install tile flooring in the hotel.
“The building inspector for the City of Gardendale inspected the hotel on April 5, 2006, and, that same day, issued a certificate of occupancy for the hotel. At the time that the certificate of occupancy was issued, several issues, including cracking in some of the floor tiles, remained outstanding and had been listed ón a punch list of items for MFS to remedy. Bella also made requests under the warranty provision of the contract for MFS to repair cracked floor tiles in the hotel. According to Bella, problems with cracking floor tiles continued and MFS failed to remedy the issue.
“On August 4, 2008, Bella sued MFS, C. Boyd Edgerton, in his individual capacity, David & Company, and various fictitiously named defendants in the Marshall Circuit Court. In its complaint, Bella asserted claims of negligence/wantonness, negligent hiring and supervision, suppression, and breach of contract. Bella also asserted that MFS’s subcontractors were liable to Bella because Bella was a third-party beneficiary to the contracts between MFS and the subcontractors. Bella then moved the Marshall Circuit Court to transfer the action to the Jefferson Circuit Court; MFS and Edgerton joined Bella’s motion to transfer the action. On September, 30, 2008, the Marshall Circuit Court transferred the action to the Jefferson Circuit Court....
“On November 3, 2008, Bella amended its complaint, reasserting its claims and substituting Layne Structural, Gonzales Strength & Associates, Inc., Tusco Fence, Inc., and Whiten Pools for some of the fictitiously named defendants. MFS answered Bella’s complaint, denying all its material allegations and asserting certain affirmative defenses, including the statute of limitations. MFS also asserted a counterclaim against Bella, alleging that Bella had breached its contract with MFS by failing to pay MFS the full amount owed under the contract. In addition, MFS asserted a third-party complaint against Suresh Parmar and Bharti Parmar, in their individual capacities, alleging that the Par-mars had executed a note in favor of MFS, which they had not paid. On May 5, 2010, Bella filed a second amended complaint, reasserting its claims and substituting Hawkins for one of the fictitiously named defendants.
“On June 14, 2010, MFS moved the trial court for a summary judgment on all Bella’s claims against it. MFS asserted three bases in support of its sum *791 mary-judgment motion: (1) that all Bella’s claims were barred by the applicable statute of limitations, as provided in § 6-5-221, Ala.Code 1975; (2) that Bella did not provide MFS with notice of its claims, in contravention of the contract between the parties; and (3) that there was no genuine issue of material fact concerning Bella’s suppression claim. MFS also submitted evidence in support of its summary-judgment motion. Bella filed a brief in opposition to MFS’s summary-judgment motion and submitted evidence in support of its brief in opposition.
“On September 23, 2010, the trial court entered a summary judgment in favor of MFS on all Bella’s claims against it. In its order, the trial court stated that it had determined, among other things, that Bella’s claims were barred by the statute of limitations. The summary-judgment order also stated that ‘[t]his order shall not affect [Bella’s] claims against Defendants David & Company ... and [Hawkins],’ the only other defendants still remaining in the action.... Bella filed a purported post-judgment motion requesting that the trial court alter, amend, or vacate its summary-judgment order, which the trial court denied. Bella subsequently appealed to the Alabama Supreme Court. Our supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.”
Bella, 80 So.3d at 922-24 (footnotes omitted).
In Bella, we dismissed Bella’s appeal as having been taken from a nonfinal judgment because several claims against other defendants as well as MFS’s counterclaim and third-party claims were still pending in the trial court and the trial court had failed to certify the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Id. at 924.
After this court issued a certificate of judgment in Bella, on October 13, 2011, MFS filed a motion to dismiss its counterclaim against Bella and its third-party claims against Suresh Parmar and Bharti Parmar without prejudice. Additionally, on October 13, 2011, Bella filed a stipulation of dismissal with the trial court, noting that it stipulated to the dismissal of all its claims against David & Company and Hawkins. That same day the trial court entered an order dismissing MFS’s counterclaim and third-party claims and Bella’s claims against David & Company and Hawkins. On October 28, 2011, Bella filed a timely notice of appeal; its appeal was transferred by the supreme court to this court, pursuant to Ala.Code 1975, § 12-2-7(6).

Issues

On appeal, Bella argues that the trial court erred in entering a summary judgment in favor of MFS because, it says: the trial court failed to view the evidence in the light most favorable to Bella, the non-movant; MFS failed to meet its burden of establishing that there was no genuine issue of material fact regarding Bella’s claims associated with defects unrelated to the cracked tile flooring; MFS should have been estopped from asserting the affirmative defense of the statute of limitations as to Bella’s claim regarding the cracked tile flooring; and the trial court erred in determining that Bella’s claims regarding defects unrelated to the cracked tile flooring had accrued on the date the certificate of occupancy was issued.

Standard of Review

“ ‘The standard of review applicable to a summary judgment is the same as the standard for granting the motion.... ’ McClendon v. Mountain Top Indoor *792 Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992).
“ ‘A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving pai'ty must present “substantial evidence” creating a genuine issue of material fact — “evidence of such weight and quality that fair-minded persons in the exercise of im-pai’tial judgment can reasonably infer the existence of the fact sought to be proved.” Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994).”
Singleton v. State Farm Fire & Cas. Co., 928 So.2d 280, 283 (Ala.2005).

Discussion

A primary issue on appeal is whether, when the record is reviewed in the light most favorable to Bella, the nonmovant, Bella’s claims are time-barred. The parties agree that Ala.Code 1975, §§ 6-5-220 through 6-5-225, govern Bella’s claims against MFS in this action. At the times pertinent to this appeal, § 6-5-221 (a) provided:
“(a) All civil actions in tort, contract, or otherwise against any architect or engineer performing or furnishing the design, planning, specifications, testing, supervision, administration, or observation of any construction of any improvement on or to real property, or against builders who constructed, or performed or managed the construction of, an improvement on or to real property designed by and constructed under the supervision, administration, or observation of an architect or engineer, or designed by and constructed in accordance with the plans and specifications prepared by an architect or engineer, for the recovery of damages for:
“(i) Any defect or deficiency in the design, planning, specifications, testing, supervision, administration, or observation of the construction of any such improvement, or any defect or deficiency in the construction of any such improvement; or
“(ii) Damage to real or personal property caused by any such defect or deficiency; or
“(iii) Injury to or wrongful death of a person caused by any such defect or deficiency;
“shall be commenced within two years next after a cause of action accrues or arises, and not thereafter. Notwithstanding the foregoing, no relief can be granted on any cause of action which accrues or would have accrued more than thirteen years after the substantial completion of construction of the improvement on or to the real property, and any right of action which accrues or would have accrued more than thirteen years thereafter is barred, except where prior to the expiration of such thirteen-year period, the architect, engineer, or builder had actual knowledge that such defect or deficiency exists and failed to *793 disclose such defect or deficiency to the person with whom the architect, engineer, or builder contracted to perform such service.”[1]
(Emphasis added.) Pursuant to § 6-5-220(e), a cause of action “accrues or arises”
“when property is damaged as a proximate result of a defect or deficiency in design, planning, testing, supervision, administration, or observation of construction of an improvement by an architect or engineer or in the construction of an improvement on or to real estate, constructed, performed, or managed by a builder; or where the damage or injury either is latent or by its nature is not discoverable in the exercise of reasonable diligence at the time of its occurrence, the claim for relief shall be deemed to arise or accrue at the time the damage or injury is or in the exercise of reasonable diligence should have been first discovered, whichever is earlier. The cause of action accrues or arises whether or not the full amount of damages is apparent at the time of the first injury or damage, and cannot be extended as a continuous wrong.”
Thus, in reviewing the trial court’s summary judgment in favor of MFS on all Bella’s claims, we must review each individual claim under the statute of limitations provided in § 6-5-221(a), and we must determine when each claim accrued pursuant to § 6-5-220(e).
As noted above, Bella asserted numerous claims against MFS: negligent installation and construction; negligent hiring, supervision, and training; suppression; breach of contract; wantonness; and claims for relief as a third-party beneficiary.[2] In its complaint and amended complaints, Bella alleged that MFS had been negligent in constructing the hotel and asserted the following defects as the basis of the negligent-construction count of its lawsuit: “floors and walls buckling causing doors to bind; widespread cracking of tile throughout the building; improper installation of the fiber cement siding; and improper grading of the project site.”

Negligence Claim Regarding the Cracked Tile Flooring

We will first address whether the statute of limitations in § 6-5-221 (a) applied so as to bar Bella’s negligence claim regarding the “widespread cracking of tile throughout the building.” In its motion for a summary judgment, MFS asserted that Bella’s claim regarding the cracked tile flooring was time-barred because it was undisputed that Bella was aware of the cracked tile flooring in April 2006 but Bella had failed to filed suit until August 4, 2008, more than two years after the cause of action had accrued. In support of its summary-judgment motion, MFS attached the deposition testimony of one of Bella’s principals stating that she was aware of the cracked tile flooring at the time the hotel opened in April 2006. Therefore, because the record indicates that Bella’s negligence claim regarding the cracked tile flooring accrued in April 2006 and that Bella failed to file suit within two years of *794 the date the claim accrued, we conclude that the trial court did not err in entering a summary judgment on this claim. See §§ 6-5-220 and 6-5-221(a).
Bella next argues that its claim regarding the cracked tile flooring did not accrue in April 2006 because, it says, its claims assert negligent repairs to the tile flooring, and, thus, Bella asserts, the claims accrued on the date that the repairs were made and not the date that the initial damage was first noticed. We reject this contention and find it to be unsupported by the record and applicable law.
In its order denying Bella’s post-judgment motion, the trial court rejected Bella’s argument that the repairs to the cracked tile flooring gave rise to separate and distinct claims, such that a cause of action for negligent repair accrued on the date of the repairs instead of in April 2006, when Bella undisputedly became aware of the initial deficiencies in the tile flooring. In rejecting this argument, the trial court stated:
“In its motion, Bella argues that its claims for negligent repair are not precluded by the statute of limitations. However, Bella’s negligent repair claims are associated with the damage ... observed in April 2006. Therefore, because the Complaint was not filed until August 2008, all of Bella’s claims are barred by the two year statute of limitations.”
We agree with the trial court’s reasoning.
As noted above, MFS attached to its summary-judgment motion evidence indicating that Bella was aware of the cracked tile flooring in April 2006 and that, pursuant to § 6-5-220(e), “[t]he cause of action accrues or arises whether or not the full amount of damages is apparent at the time of the first injury or damage, and cannot be extended as a continuous wrong.” Thus, MFS made a sufficient showing that it was entitled to a judgment as a matter of law on Bella’s claim regarding the cracked tile flooring because Bella’s claim regarding the tile flooring was time-barred, which shifted the burden to Bella to rebut MFS’s prima facie showing by substantial evidence. See Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). Bella failed to present any evidence, let alone substantial evidence, that MFS had been negligent in its attempts to repair the cracked tile flooring or that its cause of action regarding the tile-flooring defects did not arise in April 2006. Instead, Bella presented evidence in the form of Hawkins’s verified answer indicating that the underlying reason for the continuing problems with widespread cracking in the tile flooring throughout the hotel was the improper concrete foundation upon which the tile flooring had been laid before April 2006; Bella also attached evidence indicating that MFS had failed to remedy the tile-flooring issues it had noticed in April 2006. Thus, based on our review of the record, the trial court’s summary judgment in favor of MFS on Bella’s claim regarding the cracked tile flooring is due to be affirmed.
Next, we address Bella’s contention that, even applying the applicable statute of limitations set out in § 6-5-221, its claims regarding the cracked tile flooring and numerous other negligent-construction claims regarding other alleged defects were timely filed. Specifically, it argues that the trial court erred in determining that its negligent-construction claims were barred by the two-year statute of limitations because, it says, the evidence it submitted in opposition to MFS’s motion for a summary judgment, as well as the exhibits to the motion for a summary judgment, establish that MFS issued Bella a one-year warranty on the work it performed, which did not expire until April *795 2007 — a year after the April 5, 2006, certificate of occupancy was issued. Thus, Bella argues, its negligent-construction claims were timely filed because it initiated the lawsuit within two years of the expiration of the warranty. However, Bella fails to cite any relevant authority as to this issue; instead, it relies only on general propositions of law regarding motions for a summary judgment. Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s brief contain “citations to ... cases, statutes, [and] other authorities.” “ ‘[A]n appellant’s citations to general propositions of law not specifically applicable to the issues presented by the appeal do not meet the requirements of Rule 28, Ala. R.App. P.’” Cincinnati Ins. Cos. v. Barber Insulation, Inc., 946 So.2d 441, 449 (Ala.2006) (quoting BankAmerica Hous. Servs. v. Lee, 833 So.2d 609, 621 (Ala.2002)). Accordingly, we decline to consider this argument on appeal.

Negligence Claims Regarding Deficiencies Other Than the Cracked Tile Flooring

Next, Bella argues that its negligent-construction claims based on the defects other than the cracked tile flooring, specifically its claims regarding the floors and walls buckling and causing doors to bind, improper installation of the fiber cement siding, and improper grading of the project site, are not barred by the statute of limitations. In asserting this argument, Bella contends that MFS failed to establish that those claims accrued on the same date as its negligence claim regarding the cracked tile flooring or on what date, if any, those claims accrued because, it says, those defects are latent defects that it did not discover until July 2008. In an attempt to bolster its claim, Bella relies on Dickinson v. Land Developers Construction Co., 882 So.2d 291 (Ala.2003).
Initially, we address Bella’s specific argument that the trial court erred in entering a summary judgment in favor of MFS on its negligent-construction claim regarding the improper installation of the fiber cement siding based on the statute of limitations because, it contends, the siding contained latent defects that were discovered only months before Bella filed its complaint. Thus, it argues, its claim regarding the siding was timely filed pursuant to §§ 6-5-221(a) and 6-5-220.
The trial court explicitly rejected the argument that the alleged deficiencies in the siding were latent defects or that Bella’s claims were analogous to those in Dickinson. In its order denying Bella’s postjudgment motion, the trial court stated:
“Bella argues that the alleged defects in the siding of the [hotel] are analogous to those defects alleged in Dickinson. In Dickinson, the Alabama Supreme Court held that a plaintiffs claims for latent defects related to underground rotten wood and soil fill problems presented a jury question as to whether there discovery fell outside the statute of limitations. Dickinson at 299-300. A latent defect is defined as ‘[a] hidden or concealed defect,’ ‘[o]ne which could not be discovered by reasonable and customary inspection.’ Collier v. Duprel, 480 So.2d 1196, 1199 (Ala., 1985) (citing Black’s Law Dictionary (5th ed.1979)). . In the matter presently before this Court, the defective siding is not a hidden or concealed defect. It is visible to anyone who may walk by the building. Additionally, Bella has presented no evidence which shows that the defect could not have been discovered by a reasonable and customary inspection. Therefore, the present case is distinguishable from Dickinson and does not *796 carve out an exception to Alabama Code § 6-5-221.”
However, we cannot agree with the trial court’s determination regarding Bella’s claim that the imperfections in the siding were not concealed defects.
As noted above, this court reviews a trial court’s summary judgment de novo, and we must view the evidence in the light most favorable to the nonmovant, Bella. See Robinson v. Alabama Cent. Credit Union, 964 So.2d 1225, 1228 (Ala.2007). In this case, the record, taken in the light most favorable to Bella, indicates that there is a genuine issue of material fact as to whether the alleged defects with the siding were latent defects. Specifically, Bella presented evidence indicating that E-services, Inc., had evaluated the hotel and had noticed several deficiencies in the installation of the siding in 2008. In addition, Bella presented evidence indicating that later testing on August 5, 2010, revealed further damage after the siding and the moisture barrier were removed. Further, we cannot conclude that the alleged defective-siding issues were clearly visible to a passerby because the building inspector did not indicate any deficiencies in the siding when he issued the certificate of occupancy for the hotel in April 2006. Thus, we reverse the trial court’s summary judgment in favor of MFS on Bella’s negligent-construction claim regarding the improper installation of the fiber cement siding.
Next, we consider Bella’s argument that its remaining claims alleging negligent construction were timely filed because, it contends, the record does not indicate on what date those claims accrued. We agree.
It is well established that a party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law” in order to shift the burden to the nonmovant to present substantial evidence rebutting its prima facie showing. Rule 56(c)(3), Ala. R. Civ. P.; see Lee, 592 So.2d at 1038. In this case, in its summary-judgment motion, MFS argued that all Bella’s negligent-construction claims arose in April 2006, when the hotel was issued its certificate of occupancy; additionally, MFS attached numerous exhibits to provide evi-dentiary support for its summary-judgment motion. Our review of the record indicates that MFS failed to establish a prima facie case that any of Bella’s negligent-construction claims, except the claim regarding cracked tile flooring, which was addressed above, accrued in April 2006. Specifically, the portions of the depositions attached to the summary-judgment motion state only that Bella’s principals were aware of the cracked tile flooring in April 2006. Moreover, the “punch lists” and electronic-mail messages attached to Bella’s opposition to the motion for a summary judgment tend to indicate that Bella became aware of the other alleged defects after April 2006 and within two years of when Bella filed this action. Therefore, we must conclude that the trial court erred in entering a summary judgment in favor of MFS on those claims because MFS failed to make a prima facie showing that those claims were time-barred and, thus, that it was entitled to a judgment as a matter of law.
Accordingly, after reviewing the record in this case, we conclude that the trial court erred in determining that Bella’s negligent-construction claims for alleged defects, other than the cracked tile flooring, were barred by the statute of limitations provided in § 6-5-221. Our review of the evidence indicates that the evidence, viewed in the light most favorable to Bella, establishes that there is a genuine issue of *797 material fact as to when the claims regarding the buckling floors and walls, improper installation of the fiber cement siding, and improper grading of the project site accrued. Therefore, the trial court’s summary judgment as to those claims is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion on those claims.

Breach-of-Contract Claim

Bella appears to argue that the trial court erred in entering a summary judgment in favor of MFS on its breach-of-contract claim. Essentially, it appears that Bella is attempting to argue that MFS failed to present evidence sufficient to establish a prima facie case that it was entitled to a judgment as a matter of law on the breach-of-contract claim because, it says, MFS did not produce evidence indicating that Bella failed to comply with the condition precedent or that the “AIA General Conditions of the Contract for Construction” were applicable to the AIA form construction contract at issue in this action. This argument is misguided and without merit.
In its motion for a summary judgment, MFS argued that it was entitled to judgment as a matter of law on Bella’s breach-of-contract claim because the AIA form contract between the parties required that Bella refer claims regarding the construction to the architect for a decision and because, pursuant to the contract, the architect’s decision was a condition precedent to initiating litigation and Bella had failed to refer its claims to the architect. Further, MFS attached the AIA form contract entered into between the parties and the “AIA General Conditions of the Contract for Construction” as exhibits to its motion for a summary judgment.
In its order granting MFS’s motion for a summary judgment, the trial court stated:
“Although the statute of limitations set forth in Ala.Code § 6-5-221 is applicable to ‘all civil actions in tort, contract or otherwise,’ the Court will specifically address Plaintiffs breach of contract claims.
“Plaintiff and MFS entered into an contract for construction on June 3, 2005. (See Def s Mot. Summ. J Ex. A.) The contract between Plaintiff and MFS was a standard AIA A101-1997 form contract which adopted the AIA Document A201-1997, General Conditions of the Contract for Construction. (See Def s Mot. Summ. J Ex. A.) The General Conditions specifically state that submission of a Claim to the architect is a condition precedent to litigation. The General Conditions define a ‘claim’ as a ‘dispute ... between the Owner and Contractor arising out of or relating to the Contract.’ (Def.’s Mot. Summ. J Ex. G § 4.3.1.) Section 4.3.1 continues, ‘claims must be initiated by written notice.’ Id.
“Section 4.4 of the General Conditions states:
“ ‘Claims ... shall be referred initially to the Architect for decision. An initial decision by the Architect shall be required as a condition precedent to mediation, arbitration or litigation of all Claims between the Contractor and Owner arising prior to the date final payment is due.... ’
“(Def’s Mot. Summ. J Ex. G § 4.4.1.)
“Final payment was due for the [hotel] project in December 2007. (Defs Mot. Summ, J Ex. E at 55). Plaintiff, however, has failed to produce substantial evidence that, prior to final payment being due, it submitted a written claim to the architect in accordance with the provisions of the General Conditions. This Court finds that Plaintiffs failure to meet this condition precedent *798 entitles MFS to summary judgment on Plaintiffs breach of contract claims.”
(Emphasis added.)
We agree with the trial court’s summary judgment in favor of MFS on Bella’s breach-of-contract claim. MFS presented prima facie evidence indicating that it was entitled to a judgment as a matter of law on the breach-of-contract claim, thus shifting the burden to Bella to present substantial evidence of a genuine issue of material fact regarding the breach-of-contract claim. See Lee, 592 So.2d at 1038. However, Bella failed to present any evidence indicating that it had either filed a claim with the architect or that the provisions of the general conditions were inapplicable to the AIA form construction contract entered into between the parties; instead, it merely argued before the trial court, and argues on appeal, that MFS should have provided that evidence. Bella’s argument is inherently flawed because it was the party responsible for producing such evidence, if such evidence existed. Therefore, we affirm the trial court’s summary judgment in favor of MFS on Bella’s breach-of-contract claim.

Suppression Claim

Next, we address Bella’s argument that the trial court erred in entering a summary judgment in favor of MFS on its suppression claim because, it says, it submitted evidence indicating that MFS was aware of the improper concrete subfloor-ing, which caused the widespread cracking of the tiles.
"The elements of a cause of action for fraudulent suppression are: (1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury.” Lambert v. Mail Handlers Benefit Plan, 682 So.2d 61, 63 (Ala.1996). The complaint alleged that MFS had continually misrepresented that it would correct the cracked tile flooring and other “punch list” items and suppressed the true facts regarding the deficiencies in the construction of the hotel. Bella further alleged that it had been induced to its detriment, by the misrepresentations and the suppression of facts regarding the deficiencies, to delay filing suit in order to allow MFS opportunities to correct the problems.
The trial court concluded that Bella’s suppression claim was also time-barred pursuant to § 6-5-221 (a) and that Bella had “not offered any evidence that its alleged damages were the result of any suppression or fraud by MFS.” We disagree.
In this case, Bella presented evidence indicating that MFS was aware of deficiencies in the concrete slab upon which the tiles were laid and that those deficiencies had the potential to cause problems in the future. Further, Bella presented evidence indicating that had it been aware of the issues it would have timely filed suit. Specifically, Bella presented the affidavit of Suresh Parmar, one of Bella’s principals, which stated that “that if [MFS] would have been truthful regarding its ability to repair all the punch list items, including the tile floors and the findings of its inspection, I would have immediately initiated litigation.” Additionally, Hawkins’s verified answer indicates that he had notified MFS’s project manager that the improper usage of light-weight concrete in the guest bathrooms was causing cracking and would cause further issues once the tile was laid and that there were widespread cracks throughout the concrete slab in the lobby and break-room areas. Therefore, because we conclude that there are genuine issues of material fact regarding Bella’s suppression claim, we reverse the summary judgment in favor of MFS on *799 this claim and remand the cause to the trial court for further proceedings on this claim.

Estoppel Claim

Finally, Bella argues that the trial court erred in failing to find that MFS was estopped from asserting the affirmative defense that Bella’s claims were barred by the applicable statute of limitations. Specifically, Bella contends that the trial court erred in not finding that MFS was es-topped from asserting the statute of limitations because, it says, MFS concealed construction defects and had agreed to correct all the defects, such as the cracked tile flooring, listed on the “punch list,” which had induced Bella not to file a lawsuit.
In its order denying Bella’s post-judgment motion, the trial court explicitly rejected Bella’s argument that equitable estoppel applied, stating:
“Furthermore, estoppel principles do not apply. See City of Birmingham v. Cochrane Roofing & Metal Co., Inc., 547 So.2d 1159, 1167 (Ala.1989). It is certainly true in this state that ‘if a defendant represents that a lawsuit is unnecessary because he intends to take care of the problem he is likewise estopped from raising the statute of limitations as a defense.’ Id. However, there is no evidence that the actions of MFS in this case could be construed as a promise to make repairs in return for a promise by Bella not to sue. Id.”
We agree with the trial court that the record does not indicate that estoppel principles were applicable to this action. Bella asserts that because the evidence contained in the record indicates that MFS had been working with Bella to correct the items listed on the “punch list” for at least a year after the hotel had been issued its certificate of occupancy[3] and because the flooring subcontractor, Hawkins, had notified MFS that there were defects in the concrete upon which the tile was laid, MFS should be estopped from being able to assert a statute-of-limitations defense. In asserting its argument on appeal, Bella relies on Mason v. County of Mobile, 410 So.2d 19 (Ala.1982), Ex Parte Youngblood, 413 So.2d 1146 (Ala.1981), Arkel Land Co. v. Cagle, 445 So.2d 858 (Ala.1983), and Parker v. Ward, 224 Ala. 80, 139 So. 215 (1932). However, in City of Birmingham v. Cochrane Roofing & Metal Co., 547 So.2d 1159 (Ala.1989), which the trial court noted in its order, our supreme court limited the principles of equitable estoppel set forth in the cases Bella cites in a factual situation strikingly similar to the current case.
In Cochrane, our supreme court rejected the plaintiff’s argument that the defendants should have been estopped from asserting the statute-of-limitations defense because the defendants, by cooperating in attempting to repair the roof, induced the plaintiffs not to file a lawsuit. Id. at 1167-68. In reaching its conclusion limiting the equitable-estoppel principles, our supreme court stated:
“Finally, if these equitable principles were taken to their limits they could yield ridiculous results that would, in effect, negate the statute of limitations. For instance, in the construction industry it is conceivable that an owner and an architect could continue some form of working relationship for ten or more years after a building was certified to be complete. If estoppel prevented the assertion of the statute of limitations as a *800 defense, then-the owner could file suit many years after the contract was completed, claiming that he was unsatisfied with the initial design or construction, but that he had been ‘induced’ not to file suit during the years that the architect was either consulting with him or making repairs. Clearly, estoppel was not meant to defeat the statute of limitations defense in every case where a defendant attempts to remedy problems that might otherwise lead to a lawsuit.”

Id.

Like in Cochrane, it is undisputed that Bella was aware of the cracked tile flooring from the time the hotel was issued its certificate of occupancy on April 5, 2006. Further, Bella was well aware of its right to sue MFS, and the parties agree that a two-year statute of limitations, pursuant to § 6-5-221, applies to Bella’s claims. Thus, Bella was aware of the tile-flooring defects from April 2006, and, although MFS had attempted to repair the defects for an entire year after they had been discovered without remedying the issue, Bella continued to wait a total of two years and four months from the date it was aware of the defects to file a lawsuit. We conclude that Bella could not have reasonably relied upon MFS’s continuous repair work, which never corrected, even temporarily, the defects, as a reason for failing to file suit within the applicable limitations period; therefore, we conclude that the trial court did not err in determining that the doctrine of equitable estoppel was inapplicable to Bella’s claim regarding the cracked tile flooring.

Conclusion

Accordingly, we affirm the trial court’s summary judgment in favor of MFS on Bella’s wantonness claim, third-party-beneficiary claim, negligent-hiring, -supervision, and -training claim, breach-of-contract claim, and negligent-construction claim regarding the widespread cracking of tile flooring. We reverse the trial court’s summary judgment in favor of MFS on Bella’s suppression claim and its negligent-construction claim regarding the defects other than the claim concerning the cracked tile flooring, and we remand the cause to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. Effective September 1, 2011, § 6-5-221(a) was amended to shorten the 13-year period to a 7-year period. See Act No. 2011-519, Ala. Acts 2011.

. On appeal, Bella fails to argue that the trial court erred in entering a summary judgment on its wantonness, negligent-hiring, -supervision, and -training, and third-party beneficiary claims. Accordingly, we will not consider those claims on appeal, and the summary judgment in favor of MFS on those claims is affirmed. See Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) ("When an appellant fails to argue an issue in its brief, that issue is waived.”).

. Specifically, Bella repeatedly notes that an electronic-mail message from MFS’s principal sent on April 27, 2007, which was submitted as an exhibit in opposition to MFS's summary-judgment motion, stated that MFS's "intentions have always been, and still are to honor [its] obligations and remedy each and every warranty item on your hotel.”